Lawrence Laquerre and Jeannette Laquerre v. Arthur J.
Martin and Wilma J. Martin v. Guy H. Ladd
and Uda B. Ladd

[423 A.2d 840]

No. 80-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1980

*Robert S. Burke* of *Richard E. Davis Associates,* Barre, for
Plaintiffs.

*Martin & Paolini,* Barre, for Defendants.

Larrow, J. Fraught with confusion throughout the trial process, this case is before us on appeal of the third-party defendants from a judgment rendered against them in favor of the original plaintiffs. The parties are, in each instance, husband and wife, and will be referred to herein by their last names.

Two adjacent properties in Chelsea were involved in the litigation. In September, 1971, the Laquerres bought a parcel from the Ladds, who retained an uphill property. In April, 1973, the Ladds sold this remaining parcel to the Martins. A culvert, alleged by the plaintiffs to have been installed by the Martins, was claimed to have diverted surface water onto the Laquerre property, and they brought suit against the Martins, seeking an injunction and damages. The Martins answered and brought in the Ladds as third-party defendants, claiming that the Ladds, not they, had installed the culvert, before selling the second parcel; they sought indemnity under

160

their warranty deed. Suit was brought in January, 1978. In their third-party answer, the Ladds denied generally the material allegations of the third-party complaint. This was the status of the pleadings up to and during trial.

For reasons not apparent from the record, the matter then proceeded to jury trial. At the close of the evidence, a directed verdict was granted to the Martins, but the request for dismissal as to the Ladds, based on this, was denied. Trial went on, with a resultant verdict against the third-party defendants in favor of the plaintiffs, even though the original defendants had been exonerated. The judgment in favor of the Martins has not been appealed.

Further procedural confusion ensued. The Ladds filed a timely motion to amend the judgment which had been entered against them, on the ground, among others, that no relief against them had been requested in the pleadings. Evidently alerted by this motion, plaintiffs then filed a motion to amend their complaint to state a cause of action against the Ladds directly. The amendment was objected to, on the grounds that the issues involved had not been tried by consent within the meaning of V.R.C.P. 15(b), and that V.R.C.P. 54(c) did not apply, because they were prejudiced by lack of opportunity to answer to and defend against the amended complaint. The trial court granted the motion to amend notwithstanding, and then, without explanation, denied a subsequent motion by the Ladds to file an answer to it. The case is before us on the Ladds' appeal.

The unappealed judgment in favor of the Martins must, of course, stand. And neither party has briefed the unexplained use of a jury and trial by the full three judge court, despite the obvious equitable nature of the action. V.R.C.P. 83(1). We do not reach these points, since we reverse on other grounds.

After a verdict was directed in favor of the defendants Martin, it was clearly error to permit the trial to proceed, over objection, to judgment against the Ladds. At that time, there was no demand for relief against them to be tried. The only demand which had been pleaded was in the third-party complaint. That was a contingent liability, on which recovery was sought only by the Martins, and only in the event that the plaintiffs secured a judgment in chief against them. Unlike its

federal counterpart, our V.R.C.P. 14(a) provides that the failure of the plaintiff to assert a related claim against the third-party defendant operates as a bar, like the failure by a defendant to assert a compulsory counterclaim under V.R.C.P. 13(a). With the federal rules lacking this provision, cited cases decided under them are not in point. See Reporter's Notes, V.R.C.P. 14. Our rule follows its Maine counterpart. 1 R. Field, V. McKusick & L. Wroth, Maine Civil Practice 287 (2d ed. 1970). We do not reach the issue of whether an offered amendment could have been allowed at that point, because none was in fact offered. Prejudice to the cross-defendants may well have been then avoidable, while preserving our adopted policy of liberal amendment. V.R.C.P. 15(a). The opportunity to plead to the amended complaint, protected by V.R.C.P. 15(a) but summarily denied by the subsequent actions of the trial court, could then have been protected, by a continuance if that were deemed necessary.

The lack of that opportunity to plead was indeed prejudicial to the third-party defendants. We are not impressed by their argument that comparative (contributory) negligence was an issue in the case, which sounded clearly in trespass. But the time of installation of the culvert in question was controverted, and under the contention of the third-party defendants, the statute of limitations issue would have been material as to some, at least, of the claimed damages for trespass. This is an affirmative defense, V.R.C.P. 8(c), and it was never tried, as a result of the actions of the trial court. It was not a defense to the third-party complaint when filed, because that complaint relied upon Martins' warranty deed. Deed covenants are subject to a minimum of eight years limitation, 12 V.S.A. §§ 503, 504, 505, rather than six, 12 V.S.A. § 511. This is the overriding of notice of claims and defenses of which then Justice Barney spoke in *Johnson & Dix, Inc.* v. *Springfield Fuels, Inc.*, 131 Vt. 156, 159–60, 303 A.2d 151, 153 (1973). The rules involved must, as he there stated with respect to V.R.C.P. 54(c), limit such relief to "the ambit of the controversy being litigated." The controversy being litigated was not enlarged, at least without objection, to include direct relief against the third-party defendants Ladd, until after judgment.

Substantial justice requires reversal of the judgment ap-

pealed from. But it also involves a retrial of the issues between the parties, on appropriate pleadings.

*The judgment against the third-party defendants Ladd is reversed, and the cause remanded, with direction to permit amendment of the plaintiffs' complaint, answer thereto by the third-party defendants, and a new trial on the issues.*