## DEAN CABOT *v.* THOMAS CHRISTIE.

*Warranty.   Fraudulent Representations.   Sale.   Real Estate.*

When land is conveyed by deed, parol evidence 'is inadmissible to prove a warranty as to the quantity of land.

A mutual and material mistake by the parties to the deed, as to the quantity of land, is not a ground for relief at law, but in chancery.

If the purchase of the land was induced by a false and fraudulent representation as to the quantity of land, the grantee may sustain an action on the case against the grantor for the fraud.

If the vendor of the land, in order to induce the sale, represented that he had personal knowledge as to the quantity of land, being at the same time aware that he had not such knowledge, his representation was fraudulent, although he did not state the quantity of land larger than he believed it. It was an imposition and fraud for him to pass off his belief as knowledge.

So, too, if the incorrect representation was absolute and intended to be understood, and actually understood, as a statement upon knowledge, it is fraudulent if the party who made it was aware that his statement was in fact merely an opinion or belief.

If a fraudulent representation is material and relied on, the party deceived is entitled to recover damages, even though the jury should think he would have made the purchase without this representation. What the party would have done, if the fraudulent inducement had not been held out, is a mere speculative inquiry, and not the test of the plaintiff's right.

CASE for false warranty in the sale of a farm. Plea, not guilty. Trial by jury, May term, 1868, BARRETT, J., presiding.

The plaintiff gave evidence tending to show that he bought the farm at the time and for the price stated in the declaration, and that the defendant made representations in respect to the number of acres, *as of his own knowledge,* designedly intending to induce the plaintiff to suppose and believe, and thereby the plaintiff was induced to and did suppose and believe, that the farm contained at least one hundred and thirty acres of land, and relying thereupon, the plaintiff made the purchase; that the defendant knew that there was not one hundred and thirty acres, or he didn't know that there was that quantity; that in fact there was only one hundred and seventeen acres and a few rods in the farm; that the plaintiff had no knowledge of the quantity except from the defendant's representation.

The defendant gave evidence tending to show that he supposed there was one hundred and thirty acres and a little more in the

11

farm, derived from what he had heard said, and from various deeds in his possession of various grantors and of various parcels, *but that he did not know, and did not profess or represent to the plaintiff that he knew, how many acres there were in fact;* that he gave the plaintiff all the information and sources of information he had on the subject, neither making any false representation, nor fraudulent concealment, nor any undertaking as to the number of acres in the farm. There was no evidence or claim that the farm was sold by the acre; but it appeared that it was sold in lump, or as a farm entire.

The plaintiff requested the court to charge the jury:

*First,* That under the declaration, the plaintiff is entitled to recover if he proves a warranty of the number of acres in the farm, or if he proves a fraudulent representation of the number of acres.

*Second,* That the fraudulent representation may be proved either by evidence of false representations, known to the defendant to be false, and relied upon by the plaintiff, or by proof of an absolute representation of the number of acres, which representation was made with intent that the plaintiff should rely upon it, and was made upon professed knowledge, but without actual knowledge, and which was in fact false, but was relied upon by the plaintiff as true.

The court complied with said requests only so far as is shown by the charge, and charged as follows:

In order to entitle the plaintiff to recover, he must satisfy the jury that the defendant knew the farm did not contain one hundred and thirty acres, or that he did not believe it contained one hundred and thirty acres; and that in order to induce the plaintiff to buy the farm, he falsely represented it to contain one hundred and thirty acres; and that the plaintiff was by such false representation induced to make the purchase, believing it to contain that quantity.

If he honestly believed it contained one hundred and thirty acres, the plaintiff can not recover, though the defendant was in error about it. Honest mistake is not fraud. *Incorrect* is not the same as *false.* You must find that he represented the quantity different from what he knew or believed to be true, with the fraudulent intent. Also, that the plaintiff was thus induced to make the purchase. That is, that the plaintiff would not have made the purchase if the defendant had not represented it to be

one hundred and thirty acres. Inquire as to these several points. Fraud is not presumed, but must be proved.

The jury returned a verdict for the defendant. The plaintiff excepted to the charge in the respects in which it failed to comply with or was against said requests. In other respects the charge was satisfactory.

The declaration counted both upon the a false warranty of the defendant in regard to the number of acres contained in the farm, and a warranty in regard to said quantity.

*Norman Paul*, and *Washburn & Marsh*, for the plaintiff.

If the plaintiff can show fraud in the sale, or a warranty of said farm with a breach of the same, he is entitled to recover under the declaration, on either branch of the case. *Harlow* v. *Green*, 34 Vt., 379; Sedgwick on Damages, 231; *Culver* v. *Avery*, 7 Wend., 380.

If the defendant, for the purpose of effecting a sale of the farm, made statements which were relied upon by the plaintiff, in regard to the quantity of land, which formed the inducement for this trade, of which the plaintiff had no knowledge except what he derived from the defendant, and which in fact were not true, but were made by the defendant as absolute and positive assertions of truth on professed knowledge, although he had no actual knowledge in regard to the number of acres in said farm, he is as much guilty of fraud as though knowing a fact he states it untruly. 1 Story on Eq. Jur., 139, 384, 387; 2 Kent's Com., 645, 653; *Taylor* v. *Ashton*, 11 Mees. & Wels., 400; *Hazard* v. *Irwin et al.*, 18 Pick., 95; *Stone* v. *Denny*, 4 Met., 151; *Bennett* v. *Judson*, (7 Smith) 21 N. Y., 238; 27 Me., 308, 326.

The plaintiff is not precluded by the deed from showing the contract of sale and the statements which induced it by parol. The deed is no evidence of the contract as regards quantity and quality, but simply of the title.

The plaintiff is not seeking to rescind the contract, but simply to recover the amount of over payments made, on account of the wrong statements made by the defendant, and claims that this case comes within the rule laid down in numerous decisions in this

state. *White* v. *Miller*, 22 Vt., 380; *Thayer* v. *Viles et al.*, 23 Vt., 494; *Ascutney Bank et al.* v. *McK. Ormsby*, 28 Vt., 721; 1 Par. on Con., 462.

It is urged that the plaintiff can not recover in this suit, as the contract on which it is predicated relates to the sale of land; but this objection is removed by the fact that the contract is wholly executed, as far as passing of the title is concerned, which entirely removes the case from the statute of frauds. 1 Swift's Dig., 255; *Clark* v. *Brown and Wife*, 1 Root, 77; *Baxter* v. *Gay and Wife*, 14 Conn., 118; *Wilkinson* v. *Scott* 17 Mass., 249; *Green*. v. *Saddington*, 90 E. C. L., 502; *Malins* v. *Brown*, 4 Coms., 403; *Brackett et al.* v. *Evans*, 1 Cush., 79; *Bowen* v. *Bell*, 20 Johns., 338.

*W. C. French*, for the defendant.

The plaintiff seeks to recover in this case under his declaration, upon two grounds: first, express warranty; second, fraudulent representations.

If there was any promise of warranty as to the number of acres, (which there was not,) it was part of the contract for the sale of the farm, and was not in writing, and comes directly within the statute of frauds.

That no action can be sustained upon the contract of warranty has been fully held by this court in the case of *Dyer* v. *Graves*, 37 Vt., 369; *Davis* v. *Farr*, 26 Vt., 592; *Buck* v. *Pickwell*, 27 Vt., 157; *Ballard* v. *Bond*, 32 Vt., 355; *Hibbard* v. *Whitney*, 13 Vt., 21; *Whitcher* v. *Morey*, 39 Vt., 459.

The charge of the court on the question of fraudulent representations was as favorable to the plaintiff as the law warrants.

The fraud in this class of actions consists in representing what the seller knows is not true, to induce the purchaser to trade —the *scienter* is the very gist of the action. This is held in the leading case of *Pasley* v. *Freeman*, 3 T. R., 51, and has been followed in all subsequent cases in England and America. 2 Kent's Com., 489; 1 Par. on Con., 460; *Beeman* v. *Buck*, 3 Vt., 53; *West* v. *Emery*, 17 Vt., 583; *Parlin* v. *Bundy*, 18 Vt., 582; *Paddock* v. *Strobridge*, 29 Vt., 470.

Whatever representations the defendant made he made in good faith, believing them to be true, and if they proved not to be correct, no action can be sustained against him therefor. *Culver* v. *Avery*, 7 Wend., 380, 386 ; *Early* y. *Grant et al.*, 9 Barn. & Cres., 926, (17, E. C. L.)

This case is not analagous to that class of actions where the seller makes representations as within his own knowledge, when he has no knowledge or belief upon the subject ; in such cases the seller is guilty of a fraudulent falsehood. *Stone* v. *Denny*, 4 Met., 151, 162 ; *Hammatt* v. *Emerson*, 27 Me., 308.

The opinion of the court was delivered by

STEELE, J. I. The plaintiff can not recover upon the ground of a parol warranty of the quantity of the land. If the quantity was warranted it should be provable by the deed. It is true that a deed of conveyance need not contain all the stipulations of the parties. For example, the agreements as to consideration and mode of payment need not be embraced in the deed, for the instrument purports to be the deed of but one of the parties. But it does purport to contain the covenants of the grantor with respect to the property conveyed. To add a new covenant by parol proof would be a palpable violation of the familiar rule that written contracts are not to be varied by oral testimony. Such a parol stipulation, it has been held, could not be proved in respect to an ordinary bill of sale of personal property.

Nor is the plaintiff entitled to recover in this action upon the ground of mistake. A mutual and material mistake, by which the purchaser was misled as to the quantity of land, would be a more appropriate ground for relief in a court of chancery than in a court of law.

If, then, the plaintiff was entitled to recover at all in this case, it was by reason of some fraud on the part of the defendant by which the bargain was induced.

II. The plaintiff complains of the ruling of the county court upon the subject of fraud. It is conceded that the quantity of land was represented incorrectly. The court properly told the jury that this, in itself, would not amount to fraud. To entitle

the plaintiff to a recovery upon that ground, the defendant must have made some representation upon the subject that he did not believe to be true. The plaintiff claims, and his evidence tended to prove, that the defendant did make such a representation by stating the quantity of land as a matter within his own knowledge, when, in fact, as the defendant concedes, it was a matter upon which he had only a belief. We think it very clear that a party may be guilty of fraud by stating his belief as knowledge. Upon a statement of the defendant's mere belief, judgment, or information, the plaintiff might have regarded it prudent to procure a measurement of the land before completing his purchase. A statement, as of knowledge, if believed, would make a survey or measurement seem unnecessary. A representation of a fact, *as of the party's own knowledge,* if it prove false, is, unless explained, inferred to be *wilfully* false and made with an intent to deceive, at least in respect to the knowledge which is professed. A sufficient explanation however sometimes arises from the nature of the subject itself, or from the situation of the parties being such that the statement of knowledge could only be understood as an expression of strong belief or opinion. But the quantity of land in a farm is a matter upon which accurate or approximately accurate knowledge is not at all impossible or unusual. If the defendant had only a belief or opinion as to the quantity of land, it was an imposition upon the plaintiff to pass off such belief as knowledge. So, too, if he made an absolute representation as to the quantity, which was understood and intended to be understood as a statement upon knowledge, it is precisely the same as if he had distinctly and in terms professed to have knowledge as to the fact. It is often said that a representation is not fraudulent if the party who makes it believes it to be true. But a party who is aware that he has only an opinion how a fact is, *and represents that opinion as knowledge,* does not believe his representation to be true. As is well said in a note to the report of the case of *Taylor v. Ashton,* 11 Mees. & Wels., 418, (Phila. Ed.), the belief of a party to be an excuse for a false representation must be "a belief in the representation as made. The *scienter* will, therefore, be sufficiently established by showing that the assertion was made

as of the defendant's own knowledge, and not as mere matter of opinion with regard to facts of which he was aware that he had no such knowledge." The same principle of law has been repeatedly recognized. *Hammatt* v. *Emerson*, 27 Maine, 308, 326; *Bennett* v. *Judson*, 21 N. Y., 238; *Stone* v. *Denny*, 4 Met., 151; *Hazard* v. *Irwin*, 18 Pick., 95.

In the case before us, the plaintiff, under the charge of the court, was denied the benefit of this rule of law, although there was evidence tending to show every necessary element of a fraud of the nature we have been considering. The plaintiff's request was refused, and the jury were instructed that the plaintiff could only recover in case they found " that the defendant represented the quantity of land different from what he knew or believed to be true." Under these instructions it would be immaterial whether he made the representation as a matter of knowledge or as a matter of opinion so long as he kept within his *belief as to the quantity of land*. In this we think there was error. The court properly instructed the jury that the representation, to warrant a recovery, must have been relied on and have been an inducement to the purchase. The subsequent remark, that the jury, to hold the defendant, must find that the plaintiff would not have made the purchase but for the representation, we regard as probably inadvertent.

What the plaintiff would have done but for the false representation, is often a mere speculative enquiry, and is not the test of the plaintiff's right. If the false representations were material and relied upon, and were intended to operate and did operate as one of the inducements to the trade, it is not necessary to enquire whether the plaintiff would or would not have made the purchase without this inducement.

The judgment of the county court is reversed and the cause is remanded.