ROBERT D. SMITH *v.* GEORGE E. L. BADLAM.

May Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES and STURTEVANT, JJ.

Opinion filed October 7, 1941.

*Jones & Jones* (*Phillip B. Billings* of counsel) for defendant.

*Asa S. Bloomer* for plaintiff.

SHERBURNE, J. This is an action of fraud and deceit, in which it is alleged that the plaintiff was induced to buy an apple orchard by the false and fraudulent representation of the defendant that the orchard contained 3500 trees, whereas it only contained 2500 trees, as the defendant knew or ought to have known. Verdict and judgment were for the plaintiff, to which the defendant excepted.

At the close of all the evidence the defendant moved for a directed verdict upon the ground that there was no evidence tending to show *scienter.* To the overruling of his motion the defendant excepted.

*Scienter* implies knowledge, but in an action of this kind it is not necessary to prove that the party charged with fraud had actual knowledge of the falsity of his representations. Haphazard falsehood and intentional passing off belief for knowledge are of the same quality as conscious misstatement of facts and furnish the element of knowledge required to make the false representation fraudulent. *Stevens* v. *Blood,* 90 Vt. 81, 83, 96 Atl. 697; *Slack* v. *Bragg,* 83 Vt. 404, 76 Atl. 148; *Hunt* v. *Lewis,* 87 Vt. 528, 90 Atl. 578, Ann. Cas. 1916C 170. *Scienter* may be implied where one makes a statement as of his own knowledge, when, in fact, he knows nothing about it. *Niles* v. *Danforth et al.,* 97 Vt. 88, 94, 122 Atl. 498; *McAllister* v. *Benjamin,* 96 Vt. 475, 486, 121 Atl. 263; *Cabot* v. *Christie,* 42 Vt. 121, 126, 1 Am. Rep. 313. As said in *Cabot* v. *Christie, supra,* and quoted in *McAllister* v. *Benjamin, supra,* and in *Fitzgerald* v. *Metropolitan Life Ins. Co.,* 90 Vt. 291, 303, 98 Atl. 498, 504: ''A representation of a fact, as of a party's own knowledge, if it prove false, is.

unless explained, inferred to be wilfully false and made with an intent to deceive, at least in respect to the knowledge which is professed.'' But no misrepresentation is fraudulent at law, unless it is made with actual knowledge of its falsity or under such circumstances that the law must necessarily impute such knowledge to the party at the time he makes it, and the law raises no presumption of knowledge from the mere fact that the representation was false. *Newman* v. *Kendall*, 103 Vt. 421, 423, 424, 154 Atl. 662; *Caldbeck* v. *Simanton*, 82 Vt. 69, 77, 71 Atl. 881, 20 L. R. A. (N. S.) 844.

██ ██ No question is made but that the defendant's representation as to the number of apple trees was false, and that it induced the plaintiff to purchase the orchard. This case turns upon whether the defendant made an absolute representation as to the number of trees, which was understood and intended to be understood as a statement upon knowledge, for, if he did, it is precisely the same as if he had distinctly and in terms professed to have knowledge as to the fact. *Cabot* v. *Christie, supra.* However, the fact that the representations took a declaratory form does not of itself necessarily imply that the defendant made the representations ''as of his own knowledge.'' *Adams* v. *Ladeau*, 84 Vt. 460, 464, 79 Atl. 996.

Viewing the evidence most favorably for the plaintiff, it appears that the defendant, a real estate agent, in endeavoring to induce the plaintiff to buy the orchard of one Anderson, called the plaintiff on the telephone and told him that he had a proposition in which he might be interested. As a result the plaintiff went to ride with the defendant on the following day, and on the way the defendant said he wanted to sell him an apple orchard of 3500 trees owned by Anderson. They proceeded to the Anderson orchard and saw in general what it looked like, and the defendant then told him that there were 3500 trees of different varieties. The plaintiff asked for an inventory, and in a few days the defendant gave him a paper in his handwriting on which were listed the numbers of the different varieties with the total of 3500, also the acreage, buildings, and some articles of personal property. At the time this inventory was given the defendant had not told the plaintiff that he had been over the orchard, or that he knew about or was familiar with it, and the plaintiff did not understand that he had ever had anything to do with it. The plaintiff did not understand that the defendant had

counted the trees, but he did understand that he had seen Anderson. Later, before the plaintiff closed the trade with Anderson for the purchase of the orchard, Anderson also stated to him that there were 3500 trees.

In fact, the defendant knew nothing about the number of trees except as Anderson had told him. Anderson had given him the number of 3500 trees divided up into varieties, as shown on the inventory furnished by the defendant to the plaintiff. The defendant testified in cross-examination that when he gave the inventory to the plaintiff he did not know whether it was true or false, and was not permitted to testify in re-examination that he believed it was true.

■ In view of the fact that the defendant represented a known principal, it cannot reasonably be inferred from the foregoing that the plaintiff understood that the defendant made the statements and inventory as of his own knowledge, or that the defendant intended him to so understand.

■ In this connection Sec. 348, Comment b, of the Restatement of Agency is pertinent. ''An agent is not liable because of misrepresentations of the principal or of another agent unless he should know of them. He is not affected by the knowledge of facts which the principal or another agent has and which, if known to him, would cause his representations to be fraudulent. An agent who makes untrue statements based upon the information given to him by the principal is not liable because of the fact that the principal knew the information to be untrue. He may rely upon statements of the principal to the same extent as upon statements from any other similarly reputable source.'' See, also, Pollock on Torts, 14th Ed. 240, where, in the case that the principal knows the representation to be false and authorizes the making of it, it states: ''Here the principal is clearly liable; the agent is or is not liable according as he does not or does himself believe the representation to be true.'' Some illustrative cases are *Kuehl* v. *Parmenter et al.*, 195 Iowa 497, 192 N. W. 429; *State* v. *Katcef et al.*, 159 Md. 271, 150 Atl. 801; *Harriss* v. *Tams*, 258 N. Y. 229, 179 N. E. 476; *Lasman* v. *Calhoun, Denny & Ewing*, 111 Wash. 467, 191 Pac. 409.

■ Defendant's motion for a verdict should have been granted.

*Judgment reversed, and judgment for the defendant to recover his costs.*