## Michael A. Moonves and Josephine Moonves v. William F. Hill

[360 A.2d 59]

No. 199-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed June 1, 1976

*Wolchik and Williams*, Morrisville, for Plaintiffs.

*Oreste V. Valsangiacomo, Jr.,* of *Richard E. Davis Associates, Inc.*, Barre, for Defendant.

**Daley, J.** For an agreed price of $50,000, plaintiffs took from the defendant a deed to a parcel of land in Walden, Vermont. The deed accurately described the boundaries of the land, and stated its quantity as 60 acres more or less. A subsequent survey revealed the actual area conveyed to be 41.7 acres. Plaintiffs then brought a civil action in two counts, one for breach of an alleged contract to convey 80 acres with an adequate water supply, and the second for fraudulent misrepresentation as to acreage. Defendant counterclaimed for the unpaid balance of the purchase price.

Upon trial by court, it was found that the defendant originally represented the acreage as 75 acres, by mistake rather than any conscious misrepresentation. The court further concluded that the plaintiffs, by accepting the deed with its recital that the parcel contained 60 acres more or less, also accepted that figure as the final representation of acreage by the defendant. It concluded, upon evidence which the record discloses to be sufficient though in conflict, that the acreage recital in the deed was the result of a mutual mistake as to a material fact, and this was a "substantial, palpable and unreasonable disparity" entitling plaintiffs to relief.

The relief afforded by the court is where the problem begins. The action brought by the plaintiffs sought money damages for breach of contract or for fraud. No claim was made for reformation, specific performance, or rescission. The trial court did not award damages upon any theory advanced by the plaintiffs, but fashioned relief by applying a figure of $40,000, which it found to be the fair market value of the property at time of sale, in substitution for the lump sum purchase price of $50,000. Judgment was entered for the defendant, upon his counterclaim, for the balance due him calculated on this new price, plus interest from date of sale. Defendant appeals, assigning as his principal claimed error the granting of relief on the ground of mutual mistake when that was not within the purview of the action made by the pleadings. After appeal, the plaintiffs have moved to amend their pleadings under V.R.C.P. 15(b), to allege mutual mistake. That motion we consider as appropriate to be acted upon by the trial court subsequent to remand. Our review of the record convinces us that such remand is required.

An important consideration here is the fact that the parcel actually conveyed was the parcel for which the parties negotiated. The boundaries recited in the deed are accurate, and no question of construction is here involved. *Parrow* v. *Proulx*, 111 Vt. 274, 15 A.2d 835 (1940), cited by the parties, is not, therefore, in point. Neither is *Pareira* v. *Wehner*, 133 Vt. 74, 330 A.2d 84 (1974), which, although it granted remission of the purchase price, involved a failure of title to part of the tract admittedly encompassed in the deed description. *Enequist* v. *Bemis*, 115 Vt. 209, 55 A.2d 617 (1947), relied on by the trial court, is indeed authority for the granting of relief

for mutual mistake where there is a palpable and unreasonable disparity with respect to acreage, even though the sale be in gross. But the language relating to a monetary allowance for the discrepancy is dictum, since the relief sought and accorded in *Enequist* was rescission. *Darling* v. *Osborne*, 51 Vt. 148 (1878), not cited by the parties or the court, gives an allowance in a mortgage foreclosure for a substantial acreage deficiency, but even *Darling* assumes an influence on the purchaser by the supposed quantity of land conveyed, the sale being in gross.

■ ■ We recognize that there is a split in authority on the precise question here under review. Some courts evidently give pro tanto reduction in the purchase price where there is a substantial shortage in acreage, even though the sale be in gross. Cf. 77 Am.Jur.2d *Vendor and Purchaser* § 109, at 292. In our view, this is substituting for the contract actually made by the parties a different one, which the court feels they would have made if they had known the correct quantities involved. Whatever the value of this rule when case law evolved largely from sales of rural acreage for farming purposes, or lumbering, its application loses much merit today, when access, frontage, view, permitted uses, and other vastly different considerations often influence the purchase price. Cf. *Fayetteco, Inc.* v. *South Burlington*, 131 Vt. 625, 313 A.2d 3 (1973). We think the better rule is as stated in 77 Am. Jur.2d *Vendor and Purchaser* § 59, at 244:

> Where the contract is a sale in gross for an entire sum, if it is subsequently ascertained that there is either a deficiency or an excess in the quantity of the land specified therein, and it is shown that the error in quantity arose from the mutual, innocent mistake of the parties, a court of equity may, where the mistake affects the substance of the sale, rescind the contract, but in the absence of fraud, actual or constructive, in either party, such court can allow no abatement for a deficiency or compensation for any excess in the land.

Cf. also *White* v. *Miller*, 22 Vt. 380, 387 (1850), indicating the importance attached when "the price to be paid was to be determined by the quantity of the land, and the error appears

to have been one of mere computation." Insofar as *Darling* v. *Osborne* is in conflict with the rule as above stated, it is overruled. The type of relief afforded therein seems more consistent with a theory of warranty, implied or express, than with mutual mistake standing alone, as here. The parties did not agree upon any price *per acre*; from the fluctuations in quoted acreage and the closing of the deal notwithstanding, it does not appear that area was a determining consideration.

Interestingly enough, even if we were to follow the theory adopted by the trial court, allowing an abatement in the stated purchase price, the relief afforded would be incorrect. In cases where this theory is followed, the reduction made is pro tanto, computed on ratio of acreage conveyed to acres represented. Applied here, the reduction afforded plaintiffs would be about 50 per cent more than the $10,000 used by the trial court. Cf. 77 Am.Jur.2d *Vendor and Purchaser* § 112, at 295. We note this in passing; it is not grounds for reversal because the plaintiffs have not appealed.

Defendant briefs the contention that there was error in going beyond the relief asked for in the complaint. We have not reached this issue because of our holding that the relief granted could not be justified on the merits. We note, however, that V.R.C.P. 54(c), except in default judgments, authorizes granting relief not demanded in the pleadings. We have circumscribed the rule in *Johnson & Dix, Inc.* v. *Springfield Fuels, Inc.*, 131 Vt. 156, 303 A.2d 151 (1973), in the interests of the due process requirements of notice and opportunity to defend, to exclude matters entirely outside the ambit of the litigation. *Johnson* involved a judgment for money advanced and for fuel oil, in a suit based on an agreement not to compete, when the items in question were only incidentally testified about. These items were clearly outside the ambit of the litigation; the facts involved found no mention in the pleadings. Here, on the contrary, all of the factual issues were clearly raised in the pleadings, even though the relief afforded was not.

Rescission is, of course, an option of the plaintiffs on the facts as found. It is not relief they are compelled to take; they may prefer to keep the property in question and pay the stipulated price. The amendment they sought to file, setting forth mutual mistake, does not indicate their preference. We feel,

however, that the interests of justice require they be afforded that option.

*The judgment of the trial court is reversed, and the cause is remanded. Plaintiffs have leave to amend their pleadings within 45 days of remand to seek rescission of their deed from the defendant. If such amendment is filed, the court shall enter an appropriate judgment order, based upon the findings. If such amendment is not so filed, plaintiffs will be deemed to have affirmed the deed, and judgment shall be entered for the defendant upon his counterclaim for the unpaid balance of the agreed purchase price, with interest and costs.*