**Robert J. Provost and Jane F. Provost v. Carl C. Miller, Helen E. Miller, Leroy L. Keith d/b/a Keith Agency, Glenn Martin d/b/a Jericho Realty, and Philip Hamerslough**

[473 A.2d 1162]

No. 82-020

Present: **Billings, C.J., Hill, Underwood and Peck, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed January 13, 1984

*J. William O'Brien and Blais & Cain* (On the Brief), Burlington, for Plaintiffs-Appellees.

*Perry & Schmucker,* South Burlington, for Defendant-Appellant Keith.

*Kaplan, Geizler and Sharp,* Burlington, for Defendant-Appellant Martin.

*Thomas A. Little* of *Samuelson, Portnow, Miller & Eggleston, Ltd.,* Burlington, for Defendant-Appellant Hamerslough.

*Thomas F. Heilmann, P.C.,* Burlington, for amicus curiae Vermont Association of Realtors, Inc.

*William D. North* and *Ralph W. Holman* (Of Counsel), Chicago, Illinois, for amicus curiae National Association of Realtors.

**Hill, J.** The plaintiffs in this case, purchasers of a house, brought suit against the seller and real estate brokers involved to recover damages for losses sustained when a wall in the basement of the house collapsed soon after the purchase. The seller was found guilty of fraud and the real estate brokers or

agents guilty of negligent misrepresentation. The real estate brokers or agents appeal, claiming that the trial judge incorrectly instructed the jury on the real estate brokers' or agents' duty to verify statements made by the seller. We agree that the jury instructions were erroneous and require reversal.

The trial judge instructed the jury that because a real estate broker is in a "unique position to verify critical information" given to him or her by the seller, the broker "has a duty to take reasonable steps to avoid disseminating false information to the buyer." The court then told the jury that it must find the brokers negligent if they failed to discover a structural defect in the house that could have been discovered by using reasonable diligence.

In *Smith* v. *Badlam*, 112 Vt. 143, 22 A.2d 161 (1941), we held that a real estate broker is not guilty of fraud for making untrue statements to a buyer based upon information supplied by the seller, if the broker did not know the information was untrue. *Id.* at 147, 22 A.2d at 163. The Court cited comment b of § 348 of the Restatement (Second) of Agency, which states:

> An agent is not liable because of misrepresentations of the principal or of another agent unless he knows or should know of them. He is not affected by the knowledge of facts [that] the principal or another agent has and which, if known to him, would cause his representations to be fraudulent. An agent who makes untrue statements based upon the information given to him by the principal is not liable because of the fact that the principal knew the information to be untrue. An agent can properly rely upon statements of the principal to the same extent as upon statements from any other reputable source.

Restatement (Second) of Agency § 348 comment b (1958).

Although § 348 and comment b deal with an agent's liability for fraud and duress, the comment's rationale is applicable to an agent's negligent misrepresentations as well. As an agent of a seller, a real estate broker or agent is guilty of negligent misrepresentation only if he or she passes information from a seller to a buyer that he or she knows or has reason to know may be untrue. Real estate brokers and agents

are marketing agents, not structural engineers or contractors. They have no duty to verify independently representations made by a seller unless they are aware of facts that "tend to indicate that such representation[s are] false." *Lyons* v. *Christ Episcopal Church*, 71 Ill. App. 3d 257, 259–60, 389 N.E.2d 623, 625 (1979). See also *Tennant* v. *Lawton*, 26 Wash. App. 701, 706, 615 P.2d 1305, 1310 (1980) ("The broker is required to employ a reasonable degree of effort and professional expertise to confirm or refute information from the seller which he [or she] knows, or should know, is pivotal to the transaction from the buyer's perspective."). Because the trial court incorrectly described the extent of the brokers' duty in its instructions to the jury, we hold that the instructions were erroneous.

*Judgment against defendants Keith, Martin and Hamerslough reversed, and cause remanded for a new trial.*