# A. Samuel Cunningham and Madeline B. Cunningham v. Walter I. Miller, Individually and as Executor of the Estate of Harriet B. Miller

[552 A.2d 1203]

No. 86-364

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed August 19, 1988

*Charles R. Eichel*, Manchester Center, and *Joy C. Frank (Of Counsel)*, Dorset, for Plaintiffs-Appellants.

*Stebbins, Bradley, Wood and Harvey*, Norwich, for Defendant-Appellee.

**Dooley, J.** Plaintiffs purchased a house and surrounding land in Thetford Center, Vermont from defendant, Walter Miller. Based on sales representations, the plaintiffs believed the land to contain 20 acres. A subsequent survey showed the actual size to be 15.5 acres. On learning of the acreage discrepancy, the plaintiffs brought this action seeking actual and punitive damages based on a number of theories.

The trial court, sitting without a jury, found that plaintiffs failed to prove a fraudulent misrepresentation of the acreage. The court found that the acreage discrepancy was caused by a mutual mistake for which the plaintiffs could rescind the sale but could not retain the property and receive money damages. Because the plaintiffs were seeking money damages and not rescission, the

court entered judgment for defendant and plaintiffs appealed. We affirm.

The evidence in the case disclosed that the sale was made entirely through a local real estate broker. The listing agreement described the property as 20 acres, more or less. The broker used a brochure that was prepared by a national sales firm with which the broker was associated. The brochure was prepared from information supplied by the defendant. It indicated that the land contained 20 acres. The real estate broker stated that the land contained 20 acres. The deed to plaintiffs described the property as containing "20 acres, more or less." The property transfer tax return described the approximate size of the property as 20 acres.

Plaintiff Samuel Cunningham testified that he would not have bought the property if he had known the true acreage and that, if he had purchased the property knowing the true size, he would have paid a lesser price. He admitted that he did not negotiate the price of the land on a per acre basis. The broker testified that the plaintiffs knew of the boundaries of the land and bought the "site" with no particular emphasis on the 20 acre representation. Based on this evidence, the trial court concluded "that the exact amount of acreage was not a determining factor in the sale." This conclusion, in part, supports the judgment for defendant.

Defendant, although represented by counsel at trial, did not attend himself because he lived in Illinois and was 88 years old and in poor health. No testimony was taken from him by deposition. There is no indication that either of the plaintiffs ever spoke with defendant. The only evidence of actions of defendant was that he paid real estate taxes on the property based on its size as 44 acres and that he represented to the broker that the property contained "approximately 20 acres." The deed under which defendant obtained the property was offered in evidence. It showed that the property was made up of three parcels which totaled roughly 64 acres, less some 28 acres conveyed to others by prior deeds, leaving some 36 acres in the land conveyed to defendant. There was no explanation of how the error arose in these deeds.

While plaintiffs claim seven errors were committed, their claims can be reduced to three main allegations: (1) the trial court erred in concluding that the plaintiffs had not proved that the sale was induced by a fraudulent misrepresentation; (2) certain of the trial court findings and conclusions are not supported by the evidence; and (3) the trial court erred in finding that defendant's land value

expert was more credible than plaintiff's expert. We address points 1 and 2 in order, Because of our disposition, we do not need to reach point 3.

█ Plaintiffs' challenge to the trial court's fraud holding centers on the issue of scienter or knowledge by defendant. In essence, plaintiffs allege that the trial court failed to consider their theory of scienter based on defendant's representation of the lot acreage with no actual knowledge to support the representation. Plaintiffs' theory finds support in our leading case of *Cabot* v. *Christie*, 42 Vt. 121 (1869), a case that also involved an erroneous representation of ·the size of a lot of land. Defendant in *Cabot* defended in part on his lack of actual knowledge of the size of the lot. The Court rejected the defense as follows:

> We think it very clear that a party may be guilty of fraud by stating his belief as knowledge. Upon a statement of the defendant's mere belief, judgment, or information, the plaintiff might have regarded it prudent to procure a measurement of the land before completing his purchase. A statement, as of knowledge, if believed, would make a survey or measurement seem unnecessary. A representation of a fact, *as of the party's own knowledge,* if it prove false, is, unless explained, inferred to be *wilfully* false and made with an intent to deceive, at least in respect to the knowledge which is professed. . . . If the defendant had only a belief or opinion as to the quantity of land, it was an imposition upon the plaintiff to pass off such belief as knowledge. So, too, if he made an absolute representation as to the quantity, which was understood and intended to be understood as a statement upon knowledge, it is precisely the same as if he had distinctly and in terms professed to have knowledge as to the fact. It is often said that a representation is not fraudulent if the party who makes it believes it to be true. But a party who is aware that he has only an opinion how a fact is, *and represents that opinion as knowledge,* does not believe his representation to be true.

*Id.* at 126. We have reiterated the *Cabot* rule on numerous occasions. See *Anderson* v. *Knapp,* 126 Vt. 129, 133, 225 A.2d 72, 76 (1966); *Batchelder* v. *Birchard Motors, Inc.,* 120 Vt. 429, 433, 144 A.2d 298, 301 (1958); *Thomas* v. *Johnson,* 108 Vt. 363, 369, 187 A. 375, 378 (1936); see also *Smith* v. *Badlam,* 112 Vt. 143, 145, 22

A.2d 161, 162 (1941) ("Haphazard falsehood and intentional passing off belief for knowledge are of the same quality as conscious misstatement of facts and furnish the element of knowledge required to make the false representation fraudulent.").

The *Cabot* rule does not, however, make the falsity of a statement alone proof of scienter. In *Newman* v. *Kendall,* 103 Vt. 421, 424, 154 A. 662, 663 (1931), the Court distinguished a false warranty made without knowledge of falsity from fraudulent misrepresentation and noted that "the law raises no presumption of knowledge of falsity from the mere fact that the representation was false." In *Jervis* v. *Burlington Mutual Fire Ins. Co.,* 113 Vt. 518, 522, 37 A.2d 374, 376 (1944), the Court reiterated the *Cabot* rule but added "no misrepresentation is fraudulent at law, unless it is made with actual knowledge of its falsity or under such circumstances that the law must necessarily impute such knowledge to the party at the time he makes it, and the law raises no presumption of knowledge from the mere fact that the representation was false." If the party acted "inadvertently and in good faith," the error is not fraudulent. *Id.* at 521, 37 A.2d at 376. Similarly, if the party makes only a mistake of fact or law, there is no scienter. See *Moonves* v. *Hill,* 134 Vt. 352, 353, 360 A.2d 59, 60 (1976).

The major barrier that plaintiffs face in this case is the almost total absence of evidence on defendant's knowledge or belief. Because defendant did not testify and there is almost no evidence about defendant's involvement in the listing or sale, it is not possible to determine whether defendant fits within the *Cabot* rule. Plaintiffs can and do argue that the real estate broker in this case fits within the *Cabot* rule because he stated the acreage of the lot as fact even thought he had no independent knowledge of the size of the lot. Our precedents are clear, however, that the broker is not guilty of fraud for making untrue statements based solely on information supplied by the seller. See *Provost* v. *Miller,* 144 Vt. 67, 69-70, 473 A.2d 1162, 1163-64 (1984); *Smith* v. *Badlam,* 112 Vt. at 147, 22 A.2d at 163.

In summary, plaintiffs ask that we presume defendant's knowledge from the fact that the acreage representation was false. We cannot recognize such a presumption under our precedents.

Even if plaintiffs had shown enough to raise a permissive inference of scienter, the fact-finder was entitled to reject that inference in light of all the evidence. The fact-finder did reject that

inference, finding instead that the acreage representation was a mistake.

In the absence of a finding of scienter, the situation in this case was in a posture similar to that in *Moonves*. The facts of *Moonves* are very similar to those in the instant case. The trial court in *Moonves* found the erroneous acreage representation to have been caused by mistake rather than conscious misrepresentation. The trial court reformed the contract, however, by lowering the purchase price to reflect the missing acreage. This Court reversed, holding that where the parcel conveyed was the parcel for which the parties negotiated and the boundaries in the deed were accurate, it was not appropriate to give a pro tanto reduction in the purchase price because that would substitute a new contract for that made by the parties. *Moonves*, 134 Vt. at 354, 360 A.2d at 61. Under *Moonves*, the plaintiffs in this case are not entitled to a monetary recovery while retaining the property.

■ Plaintiffs next attack certain factual findings and conclusions as unsupported by the evidence, specifically, that the deed described the property as containing 20 acres more or less and that the exact acreage was not a determining factor in the sale.* We agree with the plaintiffs that the finding on the deed to defendant was erroneous and unsupported by the evidence. However, the finding is not essential to the conclusions of the court and is, thus, not grounds for reversal. See, e.g., *Peckham* v. *Peckham*, 149 Vt. 388, 390, 543 A.2d 267, 269 (1988).

In looking at the second finding attacked by plaintiffs, that the exact acreage was not a determining factor in the sale, we must view the evidence in the light most favorable to the defendant and ignore modifying evidence. *Bruntaeger* v. *Zeller*, 147 Vt. 247, 250, 515 A.2d 123, 125 (1986). The finding is adequately supported by the testimony of the real estate broker and is not clearly erroneous.

---

* The plaintiffs also attack the court's finding that defendant did not know that the property contained less than 20 acres, but the attack relates to the legal standard for fraud and is covered under the first point raised by plaintiffs. Finally, the plaintiffs attack the court's finding of mutual mistake on the ground that it was undisputed that plaintiffs relied on defendant's representation of acreage and thus did not make a mistake. In view of our disposition of the fraud claim and the applicability of *Moonves* v. *Hill*, the finding of mutual mistake is irrelevant to the outcome. See *Agway, Inc.* v. *Marotti*, 149 Vt. 191, 195, 540 A.2d 1044, 1047 (1988).

In view of our disposition of the first two points raised by plaintiffs, we need not reach the third point because it relates to damages available if plaintiffs had been entitled to recover.

*Affirmed.*