## Raymond and Patricia Limoge
### v.
## People's Trust Company
### v.
## Synergy Group, Inc. d/b/a Smith Bell Real Estate

[719 A.2d 888]

No. 97-419

Present **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed September 4, 1998

266

*Jon R. Eggleston* and *Robert A. Pinel* of *Miller, Eggleston & Cramer, Ltd.*, Burlington, for Plaintiffs-Appellants.

*David H. Greenberg,* Burlington, for Defendant-Appellee People's Trust Co.

*Michael Harris* of *Sutherland & Collins, Inc.*, Burlington, for Defendant-Appellee Synergy Group, Inc.

**Dooley, J.** Plaintiffs Raymond and Patricia Limoge appeal from an order of the Chittenden Superior Court granting summary judgment to defendant People's Trust Company of St. Albans on claims arising out of plaintiffs' purchase of a camp and land in Milton, Vermont, from People's Trust. Plaintiffs claim that the acreage of the lot is not as represented in the contract for sale and the deed, and that People's Trust is liable for the reduced value of the lot based on theories of negligent misrepresentation and breach of warranty. On appeal, plaintiffs argue that the trial court erred in granting summary judgment based on a warranty disclaimer in the deed and without considering whether People's Trust violated a covenant of good faith and fair dealing implied in the sales contract. We conclude that the superior court properly granted summary judgment on the deed warranty theory and properly rejected the claim based on an implied covenant of good faith and fair dealing because the claim was not properly pleaded. We also conclude, however, that summary judgment was improperly granted on the negligent misrepresentation theory and reverse and remand for trial of that claim.

Plaintiffs sought a parcel of land on Lake Champlain on which to build a year-round home and found in Milton a lot, with a camp, being sold by Synergy Group, Inc. d/b/a Smith Bell Real Estate as the

realtor for the owner, People's Trust Company of St. Albans. The lot was one of five acquired by People's Trust in a foreclosure proceeding. Agents for Smith Bell presented the property to the plaintiffs as .53 acres in size with road frontage on Camp Road, a Milton town road, as depicted on a town tax map. Prior to signing a sales agreement, plaintiffs specifically inquired about the presence of road frontage. Direct access to the town road was important to plaintiffs because they intended to build a year-round residence on the property and believed road access was necessary to meet zoning requirements. Based on the representations of the agents, plaintiffs decided to purchase the property.

On April 12, 1995, plaintiffs executed a sales agreement with People's Trust. An addendum to the agreement contained a disclaimer stating that the property was sold "as is" with no warranty, expressed or implied, as to the merchantability of the property. The disclaimer goes on to state that there is no warranty with respect to "structures" and with respect to the heating or cooling system, electrical system, water supply system, sewage disposal system, and all appliances found in the house. The disclaimer makes no reference to boundaries or acreage.

On April 21, 1995, People's Trust closed the sale with plaintiffs, conveying a limited warranty deed which described the property as "[a] camp property located on the easterly shore of Lake Champlain containing .53 acres." The deed also contained the disclaimer described above and limited the warranty obligation to "lawful claims arising from the Grantor's acts or from encumbrances created during the period of the Grantor's ownership of the Property."

Shortly before the sale to plaintiffs, People's Trust sold an adjoining lot to third parties who hired a surveyor to determine their boundaries. The survey showed that part of the land plaintiffs thought they had purchased actually belonged to the third party. Specifically, the survey showed that the back line of plaintiffs' property does not abut the town road, but is instead closer to the lake. As a result, plaintiffs have access to their property only through a private road, called the old camp road. The exact size of plaintiffs' lot is disputed, but is no greater than .43 acres.

There is substantial dispute about whether Smith Bell, as agent for People's Trust, should have known of the acreage discrepancy. Smith Bell argues that it took all reasonable steps to determine the size and shape of the lot. Similarly, there is dispute over the consequences of the discrepancy, particularly the lack of direct access to the town

road. Plaintiffs assert that they spent $85,000 to $90,000 on the camp to convert it to year-round use, but now cannot use it for that purpose because of lack of direct access to the town road. Smith Bell responds that Milton zoning regulations prohibit year-round-occupancy irrespective of access to the town road. These disputes are not resolved on the summary judgment record.

Plaintiffs filed a complaint against People's Trust, which then asserted a third-party claim against Smith Bell. Both plaintiffs and People's Trust moved for summary judgment, and the court granted People's Trust's motion on September 12, 1997. The court found the acreage shortage did not violate the limited warranty contained in the deed. On the negligent misrepresentation claim, the court held that there were disputed issues of material fact as to whether People's Trust was negligent, but in light of the limited warranty and the disclaimer, plaintiffs could not justifiably rely on the acreage representation.

On appeal, plaintiffs argue that the lower court should not have granted summary judgment against them because 1) they could justifiably rely on People's Trust's representations of the lot's acreage and boundaries; 2) People's Trust breached covenants of title by not conveying the property specified; and 3) People's Trust breached implied warranties of good faith and fair dealing by not conveying the property specified.*

We begin by noting that when reviewing a grant of summary judgment "[w]e apply the same standard as the trial court: summary judgment is appropriate when the record clearly indicates there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lane v. Town of Grafton*, 166 Vt. 148, 150, 689 A.2d 455, 456 (1997) (citations omitted).

Plaintiffs first argue that the trial court erred in holding that the disclaimer in the sales agreement and the deed precluded plaintiffs from justifiably relying on the representations of the bank's agent as to the acreage and boundaries of the lot. Plaintiffs proceeded on a theory of negligent misrepresentation. We have adopted the Restatement (Second) of Torts definition of negligent misrepresentation:

---

* On motion of the plaintiffs to clarify the status of Smith Bell on appeal, the Court has previously determined that Smith Bell properly appears here as an appellee even though it is not the party for which judgment was entered by the trial court. We rejected the plaintiffs' contention that Smith Bell lacks an appropriately significant interest in the issues on appeal.

One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 552(1) (1977); see *Silva v. Stevens*, 156 Vt. 94, 108, 589 A.2d 852, 860 (1991). As the trial court found, the tort requires that plaintiff show "justifiable reliance upon the information" provided by the alleged tortfeasor. See *id.* Justifiable reliance is determined under an objective standard; in *Silva*, we affirmed a jury instruction that stated that purchasers may justifiably rely on a representation "when the representation is not obviously false and the truth of the representation is not within the knowledge of, or known by the plaintiffs." *Id.*

As in this case, the seller claimed in *Silva* that a disclaimer stating that the property was sold "as is" provided an affirmative defense to the negligent misrepresentation claim. We held, however, that the "as is" clause does not "denote an exclusion of tort liability." *Id.* at 112, 589 A.2d at 862. Thus, we held that the clause defeated neither a fraud claim nor a claim based on negligent misrepresentation. See *id.* at 112, 589 A.2d at 862-63. The weight to be given the clause in determining whether there was a misrepresentation and whether there was justifiable reliance is to be decided by the fact-finder. See *id.* at 113, 589 A.2d at 863.

■ *Silva* governs here. Plaintiff Raymond Limoge testified in his deposition that he relied upon the representations of the Smith Bell agents that the lot contained .53 acres and abutted the town road. He testified that he read the disclaimer to apply to the camp and not to the land. In view of this evidence, the superior court could not hold, as it did, that plaintiffs could not justifiably rely on the representations of defendant's agents.

People's Trust argues that the summary judgment decision should be upheld on the alternative ground that plaintiffs failed to plead negligent misrepresentation in their complaint. Plaintiffs' complaint against People's Trust alleged that "defendant, and defendant's agents, misrepresented the boundaries and acreage of the property." It did not state explicitly whether plaintiffs were relying on deceit,

that is, intentional misrepresentation, or on negligent misrepresentation, or both. The answer filed by People's Trust did not seek a more definite statement. Plaintiffs specified their theories of liability in their memorandum in support of their motion for summary judgment: "The Limoges allege breach of warranties, negligent misrepresentation and breach of the implied covenant of good faith and fair dealing against the bank." People's Trust did not object to consideration of the negligent misrepresentation theory, and the trial court decided the summary judgment motion based on that theory.

■ Issues not raised in the trial court may not be raised for the first time on appeal. See, e.g., *Town of Hinesburg v. Dunkling*, 167 Vt. 514, 523-24, 711 A.2d 1163, 1168-69 (1998) (failure to raise due process challenge in summary judgment filings in trial court prevented issue from being raised in Supreme Court). We conclude that People's Trust has waived any objection to consideration of plaintiffs' claim of negligent misrepresentation. If People's Trust believed that a claim of negligent misrepresentation was not properly before the trial court, it needed to raise that to the trial court, not initially to us.

Smith Bell urges us to affirm on the alternative theory that its employees were not negligent as a matter of law. It relies on evidence in support of its summary judgment motion showing that, before representing the lot as .53 acres with access to the town road, its employees consulted the mortgage deed that was foreclosed and its supporting title search, the foreclosure decree, statements of a former owner and an adjacent landowner, and town tax records. All of these sources supported its representations.

The duty of Smith Bell was to use "reasonable care or competence in obtaining or communicating the information." Restatement (Second) of Torts § 552(1). The comment amplifies the standard:

> What is reasonable is, as in other cases of negligence, dependent upon the circumstances. It is, in general, a matter of the care and competence that the recipient of the information is entitled to expect in the light of the circumstances and this will vary according to a good many factors. The question is one for the jury, unless the facts are so clear as to permit only one conclusion.

*Id.*, cmt. e. In defining the relevant circumstances, we have drawn from fraud law. See *Provost v. Miller*, 144 Vt. 67, 69, 473 A.2d 1162, 1163 (1984) (standard of liability of fraud that broker is not responsible for making untrue statements based on information supplied by

seller is applicable to negligent misrepresentation claim). One circumstance is explained in the early case of *Cabot v. Christie*, 42 Vt. 121, 126 (1869):

> We think it very clear that a party may be guilty of fraud by stating his belief as knowledge. Upon a statement of the defendant's mere belief, judgment, or information, the plaintiff might have regarded it prudent to procure a measurement of the land before completing his purchase. A statement, as of knowledge, if believed, would make a survey or measurement seem unnecessary. A representation of a fact, *as of the party's own knowledge*, if it prove false, is, unless explained, inferred to be *wilfully* false and made with an intent to deceive, at least in respect to the knowledge which is professed. . . . If the defendant had only a belief or opinion as to the quantity of land, it was an imposition upon the plaintiff to pass off such belief as knowledge.

See also *Cunningham v. Miller*, 150 Vt. 263, 265, 552 A.2d 1203, 1204-05 (1988) (quoting *Cabot*).

■ We agree with the trial court that there is a jury question whether Smith Bell was negligent and, therefore, whether People's Trust was liable as the seller. Given the importance to plaintiffs of the size of the lot and the availability of road access, a jury could find that Smith Bell did not do enough to determine the truth of the representations it was making as facts of its own knowledge. We cannot conclude that summary judgment was properly awarded to the bank based on the alternative theory advanced by Smith Bell.

Plaintiffs next contend that People's Trust breached deed covenants by not conveying the full acreage specified in the deed with the same boundaries as represented on the Milton town tax map. The facts relative to this claim are generally undisputed. Consistent with Smith Bell's representations that the lot contained .53 acres and abutted the town road, the deed from People's Trust to plaintiffs described the property as a "camp property located on the easterly shore of Lake Champlain containing .53 acres." The deed then went on to describe the property by reference to prior deeds. Specifically, the property is described as "Parcel 4" in the foreclosure decree under which People's Trust obtained the property. That decree also described the property as "containing .53 acres." In order to determine that the property does not actually abut the town road, and thus

is not .53 acres, one has to go back to earlier deeds and a 1935 plot plan.

Plaintiffs emphasize that at the time the contract to sell was signed People's Trust owned the land that would fill out plaintiffs' lot to .53 acres and abut the town road. That land is part of "Parcel 1" in the foreclosure decree under which People's Trust acquired the property and was sold to a third party shortly before People's Trust passed the deed to plaintiffs.

Plaintiffs' complaint alleged that the "discrepancy in the acreage of the parcel is a breach of the warranties given by [People's Trust] in its deed to plaintiffs." Specifically, plaintiffs argue that People's Trust breached two covenants, an implied covenant of marketable title, and an express covenant of limited warranty, by conveying an adjoining parcel to a third party.

We emphasize at the outset that although plaintiffs claim that the contract to sell required that People's Trust convey property that abutted the town road, plaintiffs did not claim an actionable breach of that contract in their complaint. Thus, as presented to the trial court, the case was one of alleged breach of deed warranties only. We stress this point primarily to narrow the claim to one of a land quantity discrepancy that does not involve a claim that a metes and bound description was erroneous. The deed provided an acreage description but nowhere stated that the land abutted the town road.

■ We conclude that neither of plaintiffs' theories that People's Trust violated deed covenants are broad enough to reach the quantity discrepancy in plaintiffs' deed. In reaching this conclusion, we do not rely on the limitations the bank imposed on the covenant of warranty. We believe the result would be the same had People's Trust provided an unlimited warranty.

The basic rule is provided in *Wilder v. Davenport's Estate*, 58 Vt. 642, 646 (1886): "A statement of the number of acres, more or less, is mere matter of description and not an agreement or covenant on the part of the grantor." The rationale for the rule is described in the early case of *Beach v. Stearns*, 1 Aik. 325, 328 (1825):

> The words, *"containing thirty-four acres and nineteen rods,"* added to the description of the land in the deed, certainly do not import any agreement, or amount to any stipulation, on the part of the defendant, that the land granted contained that quantity, but are a mere estimate or enumeration of quantity thrown into the deed, as descriptive

of the land conveyed. It is a principle laid down and settled by repeated decisions, that when a piece of land is conveyed by metes and bounds, or any other certain description, the boundaries or lines given will control the quantity, although not correctly stated in the deed. . . . The words in the deed expressing the quantity, therefore, cannot be considered as amounting to an agreement or covenant on the part of the defendant, but must be regarded, as the parties undoubtedly intended them, as mere matter of description.

See also *White v. Miller*, 22 Vt. 380, 385 (1850) ("It has long been held, that the statement of a *precise* quantity of land, as conveyed by a deed, does not bind the grantor to make good that quantity."). In *Harlow v. Green*, 34 Vt. 379 (1861), a case similar to this one, the issue was whether plaintiff, purchaser, could bring a fraud action against a land seller for misrepresenting the quantity of land to be sold. The Court held he could bring such an action, in part because "it is not usual in this state that deeds of conveyance contain any covenants as to the quantity of the land." *Id.* at 382; see also *Cabot*, 42 Vt. at 125 (if purchaser is to recover at all in acreage deficiency case, it is by fraud action).

Plaintiffs emphasize that this Court has repeatedly stated that the covenant of seisin, implied in the deed, requires the grantor to have "the very estate, both in quantity and quality, which he purports to convey." *Mills v. Catlin*, 22 Vt. 98, 106 (1849). They argue that this covenant was broken when People's Trust conveyed part of the agreed lot to a third party so the deed to plaintiffs did not convey what People's Trust purported to convey. It is apparent that the dispute revolves around what People's Trust purported to convey. Under our general rule, as stated above, the bank purported to convey "Parcel 4," which it received in a foreclosure, whatever the size of that parcel might be. We find this rule to be in accord with that applied by courts in other states. See, e.g., *Etheridge v. Fried*, 360 S.E.2d 409, 410 (Ga. Ct. App. 1987) (where discrepancy involved only quantity of land conveyed, seller conveyed what he purported to convey); *Kendall v. Lowther*, 356 N.W.2d 181, 190 (Iowa 1984) (same). We cannot accept plaintiffs' theory that People's Trust purported to convey a particular acreage.

We conclude that the trial court was correct in granting People's Trust summary judgment on plaintiffs' claim that the bank violated covenants expressed or implied in the deed it conveyed to plaintiffs.

Finally, plaintiffs argue that the trial court erred in granting People's Trust summary judgment on plaintiffs' claim that the bank violated the covenant of good faith and fair dealing implied in the contract for sale of the property. The trial court refused to address this claim, finding that the claim was not alleged in plaintiffs' complaint. Civil Rule 8(a) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." V.R.C.P. 8(a). "'The test of whether a particular pleading is sufficient under Rule 8(a) is whether it gives fair notice of the claim and the grounds upon which it rests.'"*Molleur v. Leriche*, 142 Vt. 620, 622, 458 A.2d 1139, 1140 (1983) (quoting *Mancini v. Mancini*, 136 Vt. 231, 234, 388 A.2d 414, 416 (1978)).

We find no reference to breach of a covenant of good faith and fair dealing in plaintiffs' complaint, nor any request to amend the complaint. The complaint stated that the acreage discrepancy breached "the warranties given by defendant in its deed." As we noted above, there is no allegation that any of People's Trust's acts or omissions violated any covenants in the contract for sale. Accordingly, we conclude that the trial court was correct in refusing to address this claim, which was raised for the first time in the memorandum in support of plaintiffs' motion for summary judgment.

*The superior court's grant of summary judgment on plaintiffs' claim of negligent misrepresentation is reversed and remanded. In all other respects, the judgment for defendant People's Trust Company is affirmed.*