### Robert J. Molleur v. Leopold Leriche and Grow & Flourish, Inc.

[458 A.2d 1139]

No. 82-008

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 5, 1983

*Edwards C. O'Boyle, Jr.*, St. Johnsbury, for Plaintiff-Appellee.

*Edwin W. Free, Jr.*, of *Richard E. Davis Associates, Inc.*, Barre, for Defendants-Appellants.

**Peck, J.** This is an appeal by defendant, Grow & Flourish, Inc., from a jury verdict which awarded plaintiff damages based on the theory of quantum meruit. Because quantum meruit was not pleaded, nor were the pleadings amended during the course of the trial by the express or implied agreement of the parties, we hold that it was reversible error for the trial court to submit the issue to the jury.

Defendant Grow & Flourish, Inc., developed a plant fertilizer from chicken manure which it wished to market in Canada. With an eye toward obtaining a distributorship of the product, plaintiff expended considerable time and money in doing a market study to determine if there was indeed a market in Canada. Defendant knew and approved of the activities undertaken by plaintiff and plaintiff kept defendant informed of his activities. Negotiations for a contract granting plaintiff the right to distribute the fertilizer were undertaken. Eventually, however, the negotiations broke down because the parties were unable to agree on who should control the price of the product. Thereafter, defendant sold the product in Canada through an agent, and he used many of the contacts and markets found by plaintiff.

Plaintiff brought suit against defendant and pleaded breach of contract and interference with a contractual relationship. Contrary to plaintiff's argument, we are unable to find that the pleadings can be read to include a claim sounding in quantum meruit. At trial, plaintiff repeatedly testified that while he was doing the market survey he had intended to absorb expenses in the hope that he would get the contract to market the product in Canada, and was motivated by his anticipated profits. At no time during trial did plaintiff attempt to amend

his pleadings. The court directed a verdict for defendant on the contract claim. Then, on its own motion and over objection by defendant, it submitted the case to the jury on the theory of quantum meruit.

■ The sole issue raised by this appeal is whether it was error for the court, on its own motion, to submit the case to the jury on an issue that was not pleaded. V.R.C.P. 8(a) provides that a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." "The test of whether a particular pleading is sufficient under Rule 8(a) is whether it gives fair notice of the claim and the grounds upon which it rests." *Mancini* v. *Mancini,* 136 Vt. 231, 234, 388 A.2d 414, 416 (1978).

Applying this test to the facts of the instant case, the pleadings did not provide defendant with notice of the issue of quantum meruit. On the contrary, they alleged only breach of contract and interference with a contractual relationship. No mention was made of quantum meruit or restitution, so the issue was improperly placed before the jury on the basis of these pleadings. Further, at no time during the trial did plaintiff move to amend the pleadings pursuant to V.R.C.P. 15(a).

■■ We note in passing that it is not always absolutely necessary for the pleadings to raise an issue before that issue may be submitted to the jury. V.R.C.P. 15(b) provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." However, such was not the case in the present controversy. There was no express agreement to try the issue of quantum meruit; in fact, when the trial court first brought up the issue, counsel for defendant objected to its inclusion in the charge to the jury. Neither party impliedly agreed to try the issue. Although plaintiff put on some evidence of the efforts he undertook in his market survey, defendant was not required to meet this evidence in relation to quantum meruit since that theory was not an issue in the trial of the case. Therefore, we hold that in this case V.R.C.P. 15(b) does not

allow the issue of quantum meruit to be treated as if it had been raised in the pleadings.

*Reversed; judgment entered for defendant Grow & Flourish, Inc.*