VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     22-AP-073

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2022

James H. Hart et al.\* v. Town of Bradford et al. } APPEALED FROM:

} 

} Superior Court, Washington Unit,

} Civil Division

} CASE NO. 330-10-20 Wncv

Trial Judge: Robert A. Mello

In the above-entitled cause, the Clerk will enter:

Plaintiff James Hart appeals from the civil division's order denying his request to file an amended complaint and granting summary judgment in favor of the Town of Bradford and two of its former police chiefs.  We affirm.

In October 2020, plaintiff filed a complaint against the Town of Bradford, the Bradford Police Department, former Bradford police chiefs Gene Martin and Jeffrey Stiegler, the Vermont State Police (VSP), VSP Trooper David White, and the Orange County Sheriff's Office (OCSO). Plaintiff alleged that defendants violated 18 U.S.C. § 242 and 42 U.S.C. § 1983 by depriving him of his civil rights and conspired to interfere with his civil rights and obstructed justice in violation of 42 U.S.C. § 1985.  Plaintiff also asserted claims of negligence, gross negligence, and a claim for "equitable relief" under Chapter I, Article 4 of the Vermont Constitution.

Plaintiff's claims arose from a long-running boundary dispute with his neighbors, the Joneses.  Plaintiff alleged that as the result of a civil action he filed against the Joneses, they were ordered to remove a recreational vehicle from plaintiff's property.  In August 2009, plaintiff parked a truck in the area vacated by the Joneses, and Chief Martin and Trooper White were called to the scene.  Martin told plaintiff to remove the truck.  Plaintiff responded that he owned the property, but Martin believed there was an easement on the property.  Plaintiff alleged that he refused to leave and Martin shoved and head-butted him.  Plaintiff called Bradford police and the VSP to complain, but "[n]either office responded appropriately" to his requests.  Then, in July 2010, Robert Jones attempted to run plaintiff over with his truck.  Plaintiff reported the incident to the Bradford police and the VSP but they refused to investigate or take a statement.

Plaintiff alleged that Martin continued to harass him by stopping him seven times for no reason while driving an OCSO vehicle.  Plaintiff also alleged that while serving on the Bradford selectboard, Martin took plaintiff's tax payment and deposited it into his personal checking account, causing plaintiff to be listed as delinquent on his taxes.  Plaintiff further alleged that Stiegler, who succeeded Martin as police chief, refused to investigate plaintiff's allegations of

perjury against the Bradford public works department. Stiegler also called a friend at the U.S. Department of Justice to ensure that plaintiff's complaints to that office would not be investigated. According to plaintiff, Stiegler refused to investigate plaintiff's complaints that the Joneses were trespassing on and vandalizing his property. Plaintiff further alleged that the Town, the Bradford Police Department, and the OCSO refused to comply with his public records requests.

The Town, Martin, Stiegler, White, and the State moved to dismiss, and the OCSO filed a motion for summary judgment. In March 2021, the court issued a decision regarding all pending motions. Before addressing the merits of the motions, the court noted that the complaint "is nearly 100 paragraphs of scattershot factual allegations, most of which are extremely conclusory and vague. The legal claims are no less vague." It dismissed all of plaintiff's claims under 18 U.S.C. § 242 because that statute does not provide a private right of action. It declined to dismiss the claims against the Town, Martin, and Stiegler as barred by the statute of limitations, noting that while plaintiff's allegations began in 2009, the complaint was too vague to determine when the other alleged conduct occurred. However, it concluded that plaintiff's claims against the State and Trooper White were time-barred because the complaint only alleged conduct by them in 2009 and 2010. The court granted the OCSO's motion for summary judgment because the undisputed facts showed that Martin ceased working for the OCSO in 2009 and that plaintiff's public records request to the OCSO occurred in 2013. Because both incidents occurred more than three years before plaintiff filed his complaint, any claims based on them were barred as untimely.

Plaintiff's counsel moved for reconsideration, arguing that the court had overlooked factual statements by plaintiff in addressing the motion for summary judgment filed by the OCSO. At the same time, plaintiff, acting pro se, filed a limited notice of appearance, a motion to reconsider, and a proposed amended complaint. Plaintiff stated that he would represent himself on the claims against the State and White, but his attorney would continue to represent him against the other defendants. His proposed amended complaint was a narrative description of various alleged wrongdoing by the VSP and other actors and concluded with the following list: "fraud, fraud upon the court, fraud on the court, unclean hands, bad faith, negligence, gross negligence, obstruction of justice, corruption, collusion."

In June 2021, the court denied the motion for reconsideration of its decision granting summary judgment to the OCSO. The court construed plaintiff's pro se filings as a motion to amend the complaint, which it denied. The court explained that the proposed amended complaint did not meet "the essential rules of pleading," citing provisions in Vermont Rule of Civil Procedure 8. The court reasoned that the complaint did not give defendants or the court adequate notice of plaintiff's claims because it did not identify recognizable legal claims, set forth their elements, or include factual allegations in support of those elements. Further, plaintiff's legal claims were not so obvious that they could be reasonably inferred. The court therefore gave plaintiff thirty days to submit a new proposed amended complaint that complied with basic pleading rules and asked plaintiff to clearly indicate whether plaintiff, or counsel, would be pursuing each claim.

In July 2021, plaintiff, through counsel, filed a second proposed amended complaint. This complaint omitted the legal counts that were identified in the original complaint and instead contained a "summary of claims" followed by 136 paragraphs of factual allegations. It did not indicate whether plaintiff or his attorney would be pursuing specific claims. The summary indicated that plaintiff wished to assert claims under 42 U.S.C. § 1983 for violation of his rights to equal protection and to be free from unreasonable seizure, as well as negligence and civil

2

conspiracy. Plaintiff also filed a "motion for relief from prior orders," asking the court to reinstate all claims against all defendants. The motion did not explain how the new complaint cured the deficiencies in the earlier versions or how it stated a claim against any of the defendants. The State, White, and the OCSO opposed the motion. The Town, Stiegler, and Martin filed a motion for summary judgment.

The court denied plaintiff's motion for relief from prior orders because it was premised on the court accepting the second proposed amended complaint, which the court declined to do. The court found that the complaint did not comply with its June 2021 order, which conditioned acceptance on compliance with basic pleading rules and the court's decision. It found that the complaint was even less organized than the original complaint. It noted that plaintiff had explained in his opposition to the Town's motion for summary judgment that he deliberately opted not to set out discrete counts because it would be "unduly burdensome." The court found that the complaint did not comply with Vermont Rules of Civil Procedure 8 or 10(b). Because the complaint failed to address the deficiencies of the earlier complaints, the court declined to accept it, and because the motion was premised on acceptance of the complaint, the court denied the motion. The court also granted the Bradford defendants' motion for summary judgment because plaintiff had failed to identify any cognizable legal claims against them or show how the evidence supported the elements of such claims. Plaintiff appealed.[*]

Plaintiff first argues that the court abused its discretion in refusing to accept his second proposed amended complaint. Vermont Rule of Civil Procedure 15(a) provides that after a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party," and that "leave shall be freely given when justice so requires." We review the trial court's denial of a motion to amend for abuse of discretion. Id.

Amendments to pleadings should be liberally allowed when there is no prejudice to the other party. Colby v. Umbrella, Inc., 2008 VT 20, ¶ 4, 184 Vt. 1. Denial of a proposed amendment typically must be justified by a showing of undue delay, bad faith, futility of amendment, or prejudice to the opposing party. See Perkins v. Windsor Hosp. Corp., 142 Vt. 305, 313 (1982) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)). However, another factor that may support denial of a motion under Rule 15(a) is "repeated failure to cure deficiencies by amendments previously allowed." Forman, 371 U.S. at 182. Here, the court denied the motion to amend because the proposed amended complaint failed to meet basic pleading standards or to resolve the deficiencies of the original complaint, even after the court had explained these issues to plaintiff and given him another chance to address them. We conclude that the court acted within its discretion.

Civil Rule 8 states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach averment of a pleading shall be simple, concise, and direct." V.R.C.P. 8(a), (e). Rule 10 provides that "[e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." V.R.C.P. 10(b). The main purpose of these rules is to give a defendant "fair notice of the claim and the grounds upon which it rests." Molleur v. Leriche, 142 Vt. 620, 622 (1983) (quotation omitted).

---

[*] The OCSO moved to dismiss the appeal against it because plaintiff did not make any arguments about the OCSO in his brief. Because we are affirming the judgment below, the OCSO's motion is denied as moot.

3

The proposed amended complaint's "summary of claims" indicated that plaintiff purported to assert claims of negligence, violation of his constitutional rights to equal protection and freedom from unreasonable seizure, and civil conspiracy. However, this summary was followed by 136 paragraphs of factual allegations, many of which appeared to assert other legal theories such as slander, due process violations, and "willful and gross negligence," or involved actors who were not named as defendants. The sheer length of the proposed amended complaint, coupled with its vague, jumbled, and conclusory factual allegations, make it extremely difficult to parse. The complaint did not explain in any comprehensible fashion how the factual allegations satisfied the elements of any of the claims plaintiff was ostensibly asserting. The original complaint contained similar deficiencies, which the court explained in its June 2021 order. The court gave plaintiff a chance to file a new complaint that addressed these issues, but he chose not to comply because he found doing so would be unduly burdensome.

Under these circumstances, the court acted within its discretion in denying the proposed amendment. As the Seventh Circuit Court of Appeals has observed, "[t]hough length alone is generally insufficient to justify rejecting a complaint, unintelligibility is certainly a legitimate reason for doing so." Stanard v. Nygren, 658 F.3d 792, 797-98 (7th Cir. 2011). "[T]he issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." Id. (affirming denial of permission to file second amended complaint where "rampant grammatical, syntactical, and typographical errors contributed to an overall sense of unintelligibility," which "was compounded by a vague, confusing, and conclusory articulation of the factual and legal basis for the claims and a general 'kitchen sink' approach to pleading the case"); see also Loos v. Immersion Corp., 762 F.3d 880, 890-91 (9th Cir. 2014) (holding that trial court did not abuse discretion in dismissing plaintiff's amended complaint without to leave to amend because plaintiff "essentially re-pled the same facts and legal theories" that the court had previously explained were deficient (quotation omitted)); 6 Wright & Miller, Federal Practice and Procedure § 1487 (3d ed.) ("[N]umerous courts have held that a proposed amendment that . . . fails to include allegations to cure defects in the original pleading, should be denied."). The court was not required to sift through the complaint to assemble the elements of a claim where the attorney who drafted it could not be bothered to do so. We therefore decline to disturb the court's decision.

Plaintiff also argues that the court erred in granting the motion for summary judgment filed on behalf of the Town, Martin, and Stiegler. We review a summary judgment decision without deference, using the same standard as the trial court. Boyd v. State, 2022 VT 12, ¶ 19. "Summary judgment is appropriate when, construing the facts as alleged by the nonmoving party and resolving reasonable doubts and inferences in favor of the nonmoving party, there are no genuine issues of material fact and judgment is appropriate as a matter of law." Sheldon v. Ruggiero, 2018 VT 125, ¶ 14, 209 Vt. 33; V.R.C.P. 56. "To survive a defendant's motion for summary judgment, the plaintiff must respond with specific facts to raise a triable issue and demonstrate sufficient admissible evidence to support a prima facie case." Gates v. Mack Molding Co., Inc., 2022 VT 24, ¶ 14.

We first note that the Bradford defendants' motion for summary judgment was based on the proposed amended complaint, which the court did not accept, instead of the original complaint. This makes no difference to our analysis because, as we discuss below, plaintiff failed to demonstrate that there was evidence tending to support any of his claims against these defendants.

4

First, plaintiff failed to demonstrate a cognizable claim against defendant Martin. Most of plaintiff's original claims against Martin involved events that took place in 2009 or earlier, including the claims that Martin refused to enforce his property rights, physically assaulted him, stopped him without reason while in an OCSO vehicle, and converted his tax payment. Plaintiff did not dispute that Martin ceased working for the Bradford police department in 2011, had never been on the Bradford selectboard, and had not served as delinquent tax collector since 2008. Thus, to the extent plaintiff's claims against Martin were premised on actions Martin took in his official capacity as an officer of the Town, they were barred by the statute of limitations. See 12 V.S.A. § 512 (stating action for injury to person or property must be filed within three years after cause of action accrues); Tierney v. Tierney, 131 Vt. 48, 52 (1972) (stating summary judgment may be granted to moving party where opposing party asserts claim barred by statute of limitations).

Seemingly recognizing this, plaintiff stated in his affidavit in opposition to summary judgment that Martin had harassed him at Halls Lake and threatened to fight him "within (3) three years prior to initiating this litigation." Plaintiff further alleged that Martin made false reports to police that plaintiff was on a jet ski on Halls Lake and that his boat was unregistered. Accepting these allegations as true, as we must for purposes of summary judgment, plaintiff has failed to demonstrate that they satisfied the elements of any of his claims for relief as to Martin, since he was undisputedly a private citizen and no longer associated with the police or town government when they occurred, and plaintiff did not assert any recognizable tort claims against Martin personally. The court therefore properly granted summary judgment to Martin.

Similarly, plaintiff failed to provide evidence to demonstrate that there was a genuine issue of fact that, if resolved in his favor, would entitle him to relief against defendant Stiegler. Plaintiff alleged in his original complaint that Stiegler refused to investigate his trespassing and vandalism complaints against his neighbors; refused to investigate his allegation of perjury against the Town's public works department; and colluded with officials at the U.S. Department of Justice to ensure plaintiff's complaints wouldn't be investigated by that agency. Stiegler responded to these allegations in an affidavit submitted in support of defendant's motion. He stated that he received numerous complaints of trespass from plaintiff and that he investigated these complaints but determined that they were not supported by sufficient evidence. He also stated that he received a complaint from plaintiff in June 2014 alleging that neighbors damaged plaintiff's fence, and he investigated the complaint and interviewed witnesses. Stiegler also stated that in June 2018, he pulled plaintiff over for failure to display a front license plate and issued him a warning. He provided police records relating to these incidents. Stiegler denied plaintiff's other allegations.

In plaintiff's affidavit opposing summary judgment, he denied that Stiegler had adequately investigated the 2014 complaint, reiterated his conclusory allegation that Stiegler was part of a coordinated campaign among town officials to deprive him of his property rights, and asserted that the reason Stiegler gave for the 2018 stop was pretextual. However, he did not provide any independent evidence to demonstrate that Stiegler had failed to adequately investigate his 2014 vandalism complaint or that Stiegler's asserted basis for pulling him over in 2018 was false. See Cate v. City of Burlington, 2013 VT 64, ¶ 11, 194 Vt. 265 ("A party opposing summary judgment may not rest on allegations or denials, but must demonstrate, with citations to the record, that a fact is genuinely disputed."). Plaintiff did assert that at some point, Stiegler failed to investigate his claim that someone had cut the brake line on his vehicle. However, he provided no corroborating evidence to support this assertion, and it is contradicted by his proposed amended complaint, in which he states that he filed the complaint with a VSP trooper, not Stiegler. Plaintiff further asserted that Stiegler told him that he had "a good working

relationship with the Joneses," and told plaintiff that "I called my friend that I was on a police board with, he's an ex-cop at the V.S.P., and he works for the DOJ in Burlington. I'm all set." He further alleges that Stiegler said, "I can only do what my employer tells me, and you're suing my employer." Assuming Stiegler made these statements, they are too vague to support any of plaintiff's asserted legal theories. See Gates, 2022 VT 24, ¶ 34 (holding affidavit submitted by party opposing summary judgment did not create dispute of fact where allegations contained therein were "simply too vague"). The court therefore did not err in granting summary judgment in Stiegler's favor.

Likewise, plaintiff failed to put forth evidence to demonstrate that there was a genuine dispute of fact regarding his claims against the Town. He alleged in his original complaint that the Town refused to comply with his public records requests, and generally participated, through its police, in a conspiracy to violate his civil rights. The Town submitted evidence demonstrating that plaintiff filed public records requests with the Town and its police department in October 2015. The Town and Department estimated the costs to compile the records and asked plaintiff to pay these costs before they did the work to compile the records. Plaintiff did not pay, and did not appeal the Town's prepayment requirement. In his affidavit opposing summary judgment, plaintiff did not dispute these facts.

Plaintiff did assert in his affidavit that "[w]ithin the (3) year statute of limitations prior to filing the Complaint, upon Belief, the V.S.P. and Town, together, sent police to Hart's home in the early morning hours and served him with no trespass orders on property" eventually determined to be his, and that this demonstrates that the Town was conspiring against him. This statement is insufficient to create a dispute of material fact because it appears not to be based on personal knowledge. See Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 145 (1989) (holding affidavit containing allegations made "upon information and belief" did not raise genuine issue of fact because allegations not based on personal knowledge or admissible evidence). Furthermore, it lacks sufficient specificity to create an issue of fact with regard to any of plaintiff's claims against the Town. See Gates, 2022 VT 24, ¶ 34. Because plaintiff did not provide any further evidence to support his claims, the court properly granted summary judgment to the Town.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Nancy J. Waples, Associate Justice

_____
Walter M. Morris, Jr., Superior Judge (Ret.), Specially Assigned

6