Filed 04/29/25

VERMONT SUPERIOR
COURT
Grand Isle Unit
PO Box 7
North Hero VT 05474
802-372-8350
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-01960

Town of Alburgh, a Vermont Municipality v. Edward Murphy et al

## ORDER ON MOTION TO DISMISS AND MOTION TO AMEND COMPLAINT

Defendants, Edward Murphy, Maureen Murphy, John Morrissette and Leann Morrissette moved for judgment on the pleadings on the ground that Plaintiff's complaint fails to allege sufficient facts to support legally cognizable claims. In response, Plaintiff moved to amend its complaint. Defendants argued the Court should still enter judgment on the amended pleading in their favor. Because the Court has determined that Plaintiff has cleared its pleading burden at this early stage of the proceedings, it *denies* the motion.

### Relevant Background

At the core of this dispute is a parcel of land Plaintiff calls Center Bay Beach and Defendants identify as Parcel ID CB0318 and SPAN 009-003-10311 (the "Property"). Defendants who filed the motion for judgment on the pleadings are residents of parcels of land that abut the Property. Plaintiff claims the Property is a portion of Town Highway No. 31.

On May 17, 2024, Plaintiff filed a three-count complaint in this case, (1) seeking an order quieting title to the Property in favor of Plaintiff, or (2) seeking an order declaring that Plaintiff has acquired title to the Property by adverse possession, or (3) acquired a prescriptive easement to use the Property for certain activities. See Compl. (filed May 17, 2024), ¶¶ 41–45 (Count I, Legal Title), ¶¶ 46–50 (Count II, Adverse Possession), and ¶¶ 51–55 (Count III, Prescriptive Easement). Plaintiff subsequently filed a motion to amend the complaint, in response to the motion for judgment on the pleadings. See Amended Compl. (filed Dec. 12, 2024).

As noted at the hearing, a motion to amend the complaint at this phase is almost always granted. The only exception is when a motion to amend would be futile. Defendants' response to the motion to amend stated that the same legal arguments in the motion for judgment on the pleadings apply to the amended complaint. The Court will

therefore analyze the motion for judgment on the pleadings based on the amended complaint.

*a. Defendants' Motion*

On November 12, 2024, Defendants filed a motion for judgment on the pleadings. Defendants first argue that the facts asserted by Plaintiff do not establish a legal right to the parcel. They assert the record owners of the Property are other defendants in this case. Mot. J. Pleadings at 2-3. Furthermore, Defendants argue that Town Highway No. 31 does not cross the Property, nor do the allegations assert that a public road was ever properly established in that location. *Id.* at 3–4 (citing and quoting *Kirkland v. Kolodziej*, 2015 VT 90, ¶ 18, 199 Vt. 606).

Second, Defendants argue that even if Town Highway No. 31 did cross the Property, it would constitute an "unidentified corridor" under Vermont's Ancient Road Act. See 19 V.S.A. § 301 *et seq.* Defendants assert that Plaintiff's claim fails because the statute required unidentified corridors to be placed on official maps of town roads by 2015 and Plaintiff does not allege this occurred.

Lastly, Defendants argue that Plaintiff's claims under adverse possession and prescriptive easement fail for several reasons. These include that (1) in Vermont there is no basis for a municipality to acquire a road by prescriptive easement, and axiomatically by adverse possession, see *id.*, at 5–6 (citing *Kirkland v. Kolodziej*, 2015 VT 90), (2) that claims under these doctrines are prohibited by Vermont's Recreational Use Statute, *id.*, at 6–7 (citing 12 V.S.A. § 5791 *et seq*), and (3) that Plaintiff has not sufficiently alleged "hostility" and "exclusivity," *id.*, at 7–8.

*b. Subsequent Pleadings*

Plaintiff generally disagrees. Its core argument is that Defendants are arguing about the quality of each side's proof, not whether Plaintiff's pleading is sufficient. Plaintiff has also filed an amended complaint to add further factual support to its allegations.

On its claim of legal title, Plaintiff argues that is has pled that Town Highway No. 31 was in existence as a town highway since at least 1871. Response to Mot. J. Pleadings (filed Dec. 12, 2024) at 3 (citing Compl., ¶¶ 13–16, ¶¶ 41–45, and exhibits). Plaintiff further asserts that it alleged that it lawfully dedicated and accepted Town Highway No. 31 as a town highway. *Id.*, at 6 (citing *Kirkland v. Kolodziej*, 2015 VT 90, ¶ 35).

Additionally, Plaintiff notes that the Ancient Road Act argument depends on a factual determination to be made at a later stage. *Id.*, at 7–9. See also Reply to Opp. (filed Jan. 6, 2025) at 3 (relying on *Doncaster v. Hane*, 2020 VT 22, 212 Vt. 37). Lastly, Plaintiff asserts that

it has alleged enough facts, at this stage anyway, to support "hostility" and "exclusivity" for the purposes of adverse possession and prescriptive easement. *Id.*, at 9.

Defendants' responses generally disclaim any possibility that Town Highway No. 31 could plausibly cross the Property at stake. Relying on "undisputable evidence presented in government surveys, aerial photo and satellite photos and even the surveys presented by the Town," Memo. in Support (filed Dec. 26, 2024) at 7, Defendants conclude that "[f]acts are facts" and that the Court should grant Defendants' motion because there is no factual basis for Plaintiff to claim a road over the Property, *id.*

Analysis

A motion for judgment on the pleadings may be granted only when the moving party is entitled to judgment as a matter of law based on the pleadings. *Thayer v. Herdt*, 155 Vt. 448, 456 (1990). In deciding the motion, the court should consider "all the factual allegations in the pleadings of the nonmoving party and all reasonable inferences that can be drawn from them to be true and allegations to the contrary by the moving party to be false." *In re Estate of Gorton*, 167 Vt. 357, 358 (1997). Where a nonmovant's pleadings contain allegations that, if proved, would permit recovery, a moving party may not secure a judgment on the pleadings. *Knight v. Rower*, 170 Vt. 96, 98 (1999). Because this is a rigorous standard, motions for judgment on the pleadings "are disfavored and should be rarely granted." *Huntington Ingalls Indus., Inc. v. Ace Am. Ins. Co.*, 2022 VT 45, ¶ 39, 217 Vt. 195 (citation omitted).

Informing the Court's inquiry is Vermont's "exceedingly low" threshold to survive such a motion. *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575 (mem.). What is required is merely "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach averment of a pleading … be simple, concise, and direct." *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 10, 184 Vt. 1. The chief purpose of these rules is to give a defendant "fair notice of the claim and the grounds upon which it rests." *Molleur v. Leriche*, 142 Vt. 620, 622 (1983) (citation omitted).

*a. Legal Title Claim (Count I)*

At this stage, Plaintiff is required to merely allege facts of legal title to the Property. Plaintiff has unequivocally done so in the following terms in its amended complaint. In 1793, the Town of Alburgh laid out Town Highway No. 31. Amended Compl., ¶ 13. In 1862, the road was reclassified as a pent road. *Id.*, ¶ 16. Plaintiff has claimed legal title to the Property since at least 1793. *Id.*, ¶ 42. It has never relinquished or conveyed that title. *Id.*, ¶ 55. Town Highway No. 31 was never discontinued. *Id.* The Highway is referred to in several deeds of surrounding burdened property. *Id.*, ¶ 21. Alternatively, Town Highway No. 31 was dedicated by implication by its long use and recognition by the burdened landowners. *Id.*, ¶ 53. Plaintiff has also accepted the Highway as a public highway. *Id.*, ¶ 54.

Defendants' argument that Plaintiff's failure to list the Highway on official state road maps defeats its claim under Vermont's Ancient Road Act is immaterial at this stage. Such an argument, as Plaintiff correctly observes, would inevitably require the Court to reach a factual determination as to whether the Highway was "clearly observable by physical evidence of [its] use as a highway or trail[.]" See 19 V.S.A. § 302(a)(6)(A)(iii). At this stage, the Court is required to disregard Defendants' evidence purporting to show that the Highway is not clearly visible. It must also disregard historical maps purporting to show the road on different dates because those maps require interpretation. Plaintiff has alleged that there are signs that the Highway was used by the public in 2010 and continues to be used as a right-of-way. Original Compl., ¶¶ 16, 17, 24–25, 47, 49, 52, 54; see *Doncaster v. Hane*, 2020 VT 22, ¶ 32 ("The only relevant question was whether there was physical evidence of its use as a highway or trail in July 2010."). That is enough at this phase.

Based on this, the Court concludes that Plaintiff has made sufficient factual allegations of legal title to survive Defendants' motion.

*b. Adverse Possession (Count II) and Prescriptive Easement (Count III)*

Defendants' briefing addresses, at some length, their argument that Plaintiff, a municipality, may not under Vermont law acquire title to a nonpublic road by a prescriptive easement, and therefore also by extension, by adverse possession. Mot. J. Pleadings at 5–6 (citing *Kirkland v. Kolodziej*, 2015 VT 90). Understanding that this is controlling law, Plaintiff argued at the February 7, 2025 hearing that its adverse possession and prescriptive easement claims relate to the parcel of land. In other words, Plaintiff does not claim it acquired title to the road by adverse possession or prescriptive easement, but rather that it acquired the right to public use or ownership. This takes Plaintiff's claim outside of the prohibition laid out in *Kirkland*. Defendants did not challenge whether the pleadings met the specific elements of adverse possession or prescriptive easement outside *Kirkland* and the Court will not address them here.

Lastly, Defendants also argue that this claim fails as a matter of law under Vermont's Recreational Use statute, 12 V.S.A. § 5791 *et seq.* That statute encourages land owners to make their land and water available to the public for recreational activities. 12 V.S.A. § 5791. In return, it shields such owners from common-law liability. *Id.* Crucially, it also provides that making the land available cannot "support or create any claim or right of eminent domain, adverse possession, or other prescriptive right or easement or any other land use restriction[.]" *Id.*, § 5794(a)(3). Defendants therefore argue that the statute explicitly bars the adverse possession or prescriptive easement claims here. Mot. J. Pleadings at 7.

By its plain terms, the statute, however, only applies to situations where an owner makes land available for recreational activities without consideration. 12 V.S.A. § 5794(a). Only then do the protections in subdivision (a)(3) kick in. Here, Defendants' pleadings do

not contain a reference to, nor do they in any way imply that Defendants made land available for recreation without consideration. The Court therefore concludes that the statute does not, at this stage, bar Plaintiff's adverse possession or prescriptive easement claim.

## ORDER

Based on the foregoing, Defendants' motion for judgment on the pleadings is *denied*.

Defendants' opposition to the motion to amend was based exclusively on futility. Because the Court concludes that Plaintiff's amended complaint would also survive a motion to dismiss and is therefore not futile, the motion to amend is *granted*. See *Bevins v. King*, 143 Vt. 252, 255–55 (1983) ("When there is no prejudice to the objecting party, and when the proposed amendment is not obviously frivolous nor made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny the motion [to amend].").

The stay on discovery is lifted. The parties are ordered to submit a discovery schedule within fourteen days.

Electronically signed on April 29, 2025, pursuant to V.R.E.F. 9(d).

Navah C. Spero
Superior Court Judge