VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     25-AP-293



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2026

| | |
|---|---|
| Christopher Marchese Santos\* v. Vermont Department for Children and Families | } APPEALED FROM:<br><br>} Superior Court, Washington Unit,<br>} Civil Division<br>} CASE NO. 24-CV-04536<br>} Trial Judge: Timothy B. Tomasi |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the dismissal of his complaint against the Department for Children and Families (DCF).  We affirm.

In October 2024, plaintiff Christopher Marchese Santos filed a pro se complaint naming DCF, the Town of Rutland, the Rutland Police Department, various state employees, and other individuals as defendants.  The complaint appeared to seek damages and other relief for alleged wrongdoing by defendants in connection with a juvenile proceeding involving plaintiff's child.  DCF moved for a more definite statement.  Plaintiff then filed a document entitled "Explatory [sic] Motion" in which he appeared to seek discovery from various individuals and entities.  The trial court agreed that the complaint failed to provide defendants with sufficient notice of plaintiff's claims and granted the motion for a more definite statement.  It required plaintiff to file an amended complaint and denied plaintiff's discovery motion.

In response, plaintiff filed a "more specific statement" in which he asserted that an unidentified DCF caseworker testified that she had declined to provide services or transportation to him or his child and opined that he was not fit as a parent.  He alleged that the caseworker and/or DCF discriminated against him because of his gender, race, and disability.  He further alleged that the caseworker falsely accused him of threatening to harm his child and wiretapped his phone.  He cited 42 U.S.C. § 1983 and various articles of the Vermont Constitution that he asserted were violated during the course of the juvenile proceeding.

DCF moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief could be granted, arguing that: DCF was protected by sovereign immunity; the unnamed caseworker was protected by qualified immunity; and plaintiff failed to state a claim

for relief arising from the caseworker's actions. Plaintiff responded by filing a one-page "motion to appeal" asserting that he had been discriminated against because of his handwriting and requesting an appeal to "federal civil court." He asserted that "there's no immunity for government officials" but otherwise did not respond to DCF's arguments.

The trial court granted DCF's motion to dismiss, concluding that the supplemental statement filed by plaintiff did not provide DCF with adequate notice of the claims against it and plaintiff did not oppose DCF's defenses of sovereign and qualified immunity. The court further noted that plaintiff had not provided proof of service on any of the other named defendants and indicated that the case would be dismissed if plaintiff did not do so within twenty-one days. Plaintiff did not provide proof of service and instead filed a notice of appeal to this Court.

On appeal, plaintiff appears to challenge the dismissal of his claims against DCF only. "We review decisions on Rule 12(b)(1) and Rule 12(b)(6) motions to dismiss de novo and will uphold dismissal only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Off. of Auditor of Accts. v. Off. of Att'y Gen., 2025 VT 36, ¶ 7 (quotation omitted). "Under both rules, we assume as true the nonmoving party's factual allegations and accept all reasonable inferences that may be drawn from those facts." Id. (quotation omitted).

Applying this standard, we agree with the trial court that plaintiff failed to state a cognizable claim for relief in his complaint or his more definite statement. Vermont Rule of Civil Procedure 8(a) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The test of whether a particular pleading is sufficient under Rule 8(a) is whether it gives fair notice of the claim and the grounds upon which it rests." Molleur v. Leriche, 142 Vt. 620, 622 (1983) (quotation omitted). "[A]lthough pro se litigants receive some leeway from the courts, they are still bound by the ordinary rules of civil procedure." Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219 (quotation omitted).

Plaintiff alleged in his complaint and more definite statement that an unnamed DCF caseworker denied him services, opined that he was an unfit parent, and falsely testified that he threatened to harm his child. However, he did not tie these allegations to any legally cognizable claims for relief. He cited 42 U.S.C. § 1983, various provisions of the Vermont Constitution, and "Federal Rule 404," but did not explain how the caseworker's alleged actions violated these laws. Because plaintiff's complaint does not adequately state any claim for which relief may be granted, the trial court properly dismissed it.

In his brief on appeal, plaintiff does not directly respond to the trial court's ruling. He alleges violations of Vermont Rules of Evidence 403 and 405, Brady v. Maryland, 373 U.S. 83 (1963), and various criminal statutes and labor laws. He also alleges defamation, slander, invasion of privacy, and use of excessive force by unnamed individuals. Plaintiff failed to preserve these claims for our review by raising them in his complaint or more definite statement. See In re White, 172 Vt. 335, 343 (2001) ("We have repeatedly stressed that we will not address arguments not properly preserved for appeal."). To the extent plaintiff argues that his complaint stated a claim for defamation by the unnamed caseworker who testified against him, it is clear under Vermont law that "[a] witness is absolutely privileged to publish defamatory matter" when testifying in a judicial proceeding. O'Connor v. Donovan, 2012 VT 27, ¶ 26, 191 Vt. 412 (quotation omitted). The allegedly defamatory testimony therefore cannot provide a basis for granting plaintiff relief. Plaintiff also fails to address DCF's argument that his claims against it

are barred by sovereign immunity.  We have reviewed plaintiff's filings and discern no basis to disturb the decision below.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Christina E. Nolan, Associate Justice

Michael P. Drescher, Associate Justice