Vermont Superior Court
Filed 02/04/26
Caledonia Unit

VERMONT SUPERIOR COURT

Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-05518

**Dorothy Morton et al v. John Campbell et al**

## ENTRY REGARDING MOTIONS

Title:  Motion to Dismiss or for a More Definite Statement; Motion to Strike Zoning Claims (Motion: 3; 4; 5)
Filer:  Brice Simon
Filed Date:  December 10, 2025

In this case, plaintiffs Dorothy and Aaron Martin have filed claims for (I) illegal use of a right-of-way; (II) private nuisance; (III) unlawful trespass; (IV) unlawful mischief; and (V) defamation against defendants John Campbell, Bevin Campbell, Arlo Campbell, and Alpine Luddites, LLC. Currently pending before the court are defendants' motion to dismiss the unlawful mischief and defamation claims, or in the alternative, a more definite statement on all claims (Motions 3 and 4), and defendants' motion to strike allegations in the complaint relating to zoning matters (Motion 5). For the reasons that follow, the motion to dismiss or for a more definite statement is granted in part, and the motion to strike is denied.[1]

### Background

The complaint alleges the following facts. The Mortons (plaintiffs) and the Campbells (defendants) are neighbors on Bayley Hazen Road in Peacham. Defendants' property is accessed by a deeded right-of-way running over a lot owned by plaintiff Dorothy Morton on which her home sits. Dorothy also owns an upper lot that is accessed by a deeded right-of-way running across defendant's property. Defendant Alpine Luddites LLC is owned by defendant John Campbell and manufactures and sells canvas packs and other items to retail customers. Defendants are using a garage on their property as a manufacturing facility for the Luddite business, and this use violates Peacham zoning regulations and exceeds the scope of defendants' right-of-way. Defendants have additionally interfered with plaintiffs' use of the right-of-way, which led plaintiffs to install concrete barriers on plaintiffs' property that defendant John Campbell later removed with an excavator. Defendants have made multiple reports to the police accusing plaintiffs of illegal conduct, and John has wrote statements online referencing plaintiffs' "relationship with the law," stating that the police "had to go visit" plaintiffs because plaintiffs were "so angry about

---

[1] Plaintiffs' motion for a preliminary injunction has been set for a motion hearing on February 9.

1

[the Luddite] business they could barely contain themselves," and suggesting that plaintiffs would "show up with a gun to [his] head" if he had tried to block plaintiff's property the way that plaintiffs had blocked his property. Compl. ¶¶ 42, 45, 48. Defendant Arlo Campbell has also torn down posted signs, yelled obscenities at plaintiffs, and recorded plaintiffs while they were on their own property.

## Analysis

### 1. Motion to dismiss, or in the alternative, for a more definite statement

Defendants first move to dismiss Counts IV (unlawful mischief) and IV (defamation under Rule 12(b)(6) for failure to state a claim for which relief can be granted.

A complaint should be dismissed under Rule 12(b)(6) "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Birchwood Land Co. v. Krizan*, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted). In considering a motion to dismiss, the court construes alleged facts and draws all reasonable inferences from those alleged facts in favor of the non-moving party. *Id.* Ultimately, the court must determine "whether the bare allegations of the complaint are sufficient to state a claim." *Id.*

Defendants first argue that the unlawful mischief claim fails to allege any facts establishing that defendants caused damage to plaintiff's property, which is an essential element of a civil claim for unlawful mischief. *See* 13 V.S.A. § 3701(f). Plaintiffs have not responded to this argument. The claim for unlawful mischief is accordingly dismissed for failure to state a claim. *See Pharmacists Mut. Ins. Co. v. Myer*, 2010 VT 10, ¶ 18, 187 Vt. 323 (failure to oppose motion to dismiss "effectively waived the claims").

Similarly, defendants argue that the defamation claim should be dismissed because plaintiffs have not alleged that they suffered any harm from defendants' allegedly defamatory statements. But plaintiffs' claim is based on defendant John Campbell's written statements. In other words, it is a claim for libel. "Libel—the written form of defamation—is actionable per se," and the plaintiff need not allege nor prove that he or she suffered any 'special damages' as a direct or proximate result of the libel." *Kneebinding, Inc. v. Howell*, 2018 VT 101, ¶ 83, 208 Vt. 578. The motion to dismiss or for more definite statement on the defamation claim is denied.

Defendants' request for a more definite statement on the remaining claims is denied. Vermont is a notice-pleading jurisdiction. Under Rule 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." V.R.C.P. 8(a). "The test of whether a particular pleading is sufficient under Rule 8(a) is whether it gives fair notice of the claim and the grounds upon which it rests." *Molleur v. Leriche*, 142 Vt. 620, 622 (1983). The complaint alleges that defendants' have exceeded the scope of the right-of-way by using it for industrial purposes (Count I), that defendants engaged in a variety of conduct that interfered with plaintiffs' use of their property (Count

II), and repeatedly trespassed on plaintiffs' property by removing concrete barriers with an excavator (Count III). Plaintiffs' complaint passes the low bar required by Rule 8.

## 2. Motion to strike

Defendants next move to strike allegations in plaintiffs' complaint related to Peacham's zoning regulations. Rule 12(f) gives the court discretion to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. V.R.C.P. 12(f). Although this language is seemingly expansive, Rule 12(f) and its federal counterpart have generally been construed narrowly and applied only "in the plainest of circumstances and where the movant can demonstrate palpable prejudice. *See, e.g.*, *Vt. Human Rights Com'n v. Middle*, No. 24-CV-02151, 2024 WL 4871509, at *1 (Vt. Super. Ct. Oct. 01, 2024) (Tomasi, J.). The court follows this approach and declines to strike the challenged allegations here. The Town of Peacham is not a party to this action and the Town's municipal actions are not before the court. Although the challenged allegations in the complaint may ultimately prove irrelevant to plaintiffs' claims, the court declines to strike them under Rule 12(f).

## Order

The motion to dismiss is GRANTED IN PART AND DENIED IN PART (Motion 3). The claim for unlawful mischief id dismissed. The motion is denied with respect to the defamation claim.

The motion for a more definite statement is DENIED (Motion 4).

The motion to strike is DENIED (Motion 5).

Electronically signed on: 2/4/2026 pursuant to V.R.E.F. 9(d)

Benjamin D. Battles
Superior Court Judge

3